[Civ. No. 13748.   First Dist., Div. One.   Aug. 18, 1948.]

RUTH STICKNEY BOLDEN, Respondent, v. PHILLIP SHERWOOD DAVIES, Appellant.

Young, Hudson & Rabinowitz and R. G. Hudson for Appellant.

McAllister & Johnson and A. B. Reynolds for Respondent.

WARD, J.—This is an appeal from a judgment entered in the superior court of the city and county of San Francisco awarding Ruth Stickney Bolden, formerly Ruth Stickney Davies, the sum of $3,675.85 together with interest and costs. The judgment was based upon a previous judgment in a divorce action in favor of plaintiff and against defendant wherein it was decreed that defendant should make certain monthly payments to plaintiff for the support and maintenance of a minor child, the issue of the marriage.

The complaint alleges that the minor child was adopted by the present husband of plaintiff.  It is conceded that as

of the day of the adoption defendant's responsibility for the support of the minor terminated. The amounts involved herein became due prior to that time. The answer alleges that the minor was "supported by its Grandparents without cost or expense to said plaintiff." Defendant admits the adoption but alleges that when he consented thereto "it was agreed between defendant and plaintiff that plaintiff would make no further demand upon defendant for payments for the support and maintenance of said minor child then accrued or thereafter to accrue." Both by demurrer and by answer defendant pleaded the statute of limitations. (Code Civ. Proc., § 336(1).) It was subsequently stipulated that all sums claimed to have become due prior to April 15, 1941, were waived.

Plaintiff's case consists of her testimony and a certified copy of the final decree of divorce. Although a copy of the decree is not included in the record on appeal, the pleadings make up for this deficiency since the answer does not deny the existence of the judgment nor the provision requiring defendant to make certain payments until the child's majority, which had not been reached at the commencement of the present suit. Plaintiff testified that of the payments falling due from April 15, 1941 to December 7, 1945, defendant paid $50 and $20 only—"That was last April, or in May of 1945." She also received $20 before the divorce became final to "call off" his obligation to pay $400. The 1945 payments were credited "on the oldest amount due on the judgment." The answer merely denied that payments of $35 on October 15, 1942, and on the 15th of every month thereafter to and including October 15, 1945, were required. Defendant's case, and the evidence upon which he relies, consists of his own testimony and that of another witness, also the Consent to Adoption and the affidavit of defendant's attorney. Defendant testified that in the last part of November, 1945, his former wife's attorney "assured me if I would agree to the adoption, to consent to the adoption, which he thought was for the best interest of everybody concerned, there would be no attempt on the part of the people who were attempting—my ex-wife and her new husband, or certainly not on his part, to in any way attempt to collect the back payments." He further added that the boy lived with his grandparents, "and it was not until I found that the grandmother had died, or was very ill, and I went up to Sacramento and offered to assume the obligation I had for the support of this boy, and I told the former Mrs. Davies I wanted to assume this obligation, and make payments every

month, and that was why these adoption proceedings were brought, because I offered and wanted to assume these obligations, and made the first two payments. If I had not offered, there would not have been any adoption proceedings, in my belief . . . I was persuaded to sign [the consent] on the belief that it would be for the best interests of the boy and the mother." Defendant admitted that he never procured a written promise from either plaintiff or her attorney that there would be no attempt to collect back payments, because "I assumed his [the attorney's] word would be binding on her . . . I didn't require it, didn't think it was necessary." There was some corroboration of defendant's testimony, and his attorney's affidavit was admitted to the extent that if the attorney should be called he would testify in substance as averred in the affidavit. The affidavit in many respects corroborated the defendant's testimony.

Defendant states the problem presented to this court: "The sole question involved in this appeal is whether the evidence adduced at the trial is sufficient to sustain the judgment of the trial Court in favor of plaintiff and respondent." Defendant argues that the evidence is undisputed that the respective attorneys in the divorce proceeding entered into an agreement that in consideration of defendant's consent to the adoption no claim would be made for any sums by way of support for the minor children. An analysis of defendant's attorney's affidavit does not indicate that the attorney for plaintiff did agree not to request the back or future payments, and to that end would never attempt to *enforce the 1932 judgment*. The affidavit sets forth that the attorney for plaintiff "did not want any back payments or future payments made for or on behalf of said minor, Frederick Stickney Davies, and to that end would cooperate with said defendant in seeking to obtain from said Superior Court of Mendocino County a dismissal of the contempt charge then on file and a modification of the decree of divorce theretofore entered in said Mendocino County between Phillip Sherwood Davies and Ruth Stickney Bolden, formerly Ruth Stickney Davies."

The record indicates that defendant's consent facilitated the adoption proceedings. His claim is that he consented to the adoption for the good of all concerned and to avoid a "mess." Whether there was an agreement that no further claim would be made by the mother against the father of the minor does not appear in a written instrument between the

father and the mother or their legal representatives or in any order made in Mendocino County which was introduced in evidence in this case. The main question on this appeal resolves itself into a question of fact—depending primarily on the credibility of the witnesses. If the trial court had found for defendant instead of plaintiff this court would have been bound to affirm such a judgment. Under the circumstances it does not appear necessary to discuss additional points presented by plaintiff.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.