STATE OF MICHIGAN, COUNTY OF SHIAWASSEE, ON BEHALF OF JANICE
PRUITT v. HAROLD PRUITT

No. 8827DC1081

(Filed 18 July 1989)

1. **Divorce and Alimony § 24— child support order — ten-year statute of limitations applicable**

    A child support order is a judgment directing payment of a sum of money and as such falls within the ten-year statute of limitations provided in N.C.G.S. § 1-47. The statute of limitations begins to run against each support payment as it becomes overdue, not from the date the decree ordering support was entered, and accordingly there is no bar to recovery of unpaid child support payments which have come due during the ten years immediately prior to the filing of a claim for past due support.

2. **Divorce and Alimony § 24.10— child support — obligation terminated by children's adoption — pre-adoption obligation not affected**

    A father's obligation to provide support for his children was a continuing one which ceased only when the children were adopted by their stepfather, and in the absence of evidence that the mother waived her right to the past due payments, nothing about the subsequent adoption affected the father's pre-adoption obligation to provide support for his children, and nothing about the subsequent adoption affected the applicable statute of limitations.

APPEAL by defendant from *George W. Hamrick, Judge.* Order entered 4 August 1988 in District Court, CLEVELAND County. Heard in the Court of Appeals 9 May 1989.

*No appellee brief.*

*Lackey & Lackey, by N. Dixon Lackey, Jr., for defendant-appellant.*

BECTON, Judge.

The question presented by this appeal is whether an action against a father for past due child support, brought eight years after the children were adopted by the mother's new husband, was

barred by the statute of limitations. We hold that the applicable statute of limitations was ten years, and, accordingly, we affirm the order of the trial court commanding the father to pay past due child support for the period from June 1978 to February 1980.

I

Harold Pruitt ("the father") and Janice Pruitt (Now Gray) ("the mother") obtained a divorce in Michigan in 1974. Custody of their two minor children was awarded to the mother, and the father was ordered to pay $20.25 per week in child support. The father, now a North Carolina resident, never paid child support as ordered by the Michigan court. On 4 February 1980, the children were legally adopted by the mother's present husband, Robert Gene Gray.

On 27 June 1988, the State of Michigan filed this action in Cleveland County District Court on behalf of the mother, seeking $10,943.50, the amount of child support in arrears since March 1974. The trial judge ruled that the ten-year statute of limitations barred all support payments past due as of June 1978, and further ruled that the father's support obligation ceased when the children were adopted in February 1980. The judge ordered the father to pay the past due support for the period from 26 June 1978 (ten years before this action was instituted) to 4 February 1980 (when the children were adopted).

The father appeals, contending that the three-year statute of limitations found in N.C. Gen. Stat. Sec. 1-52(5), applicable to "any other injury to the person or rights of another, not arising on contract and not hereafter enumerated," applies to this case, and therefore, that any claim for amounts due between June 1978 and February 1980 was barred after 3 February 1983, three years after the children were adopted. In the alternative, the father urges us to hold that an action for past due child support should be commenced "within a reasonable time after the continuing obligation to pay child support ceased," and that this action was barred because eight years after the obligation ended was an unreasonable length of time for the mother to wait before asserting her claim. We decline to embrace the father's view.

II

[1] A child support order is a judgment directing payment of a sum of money, and, as such, falls within the ten-year statute of limitations provided in N.C. Gen. Stat. Sec. 1-47 (1983). *See,*

STATE OF MICHIGAN v. PRUITT

[94 N.C. App. 713 (1989)]

*e.g., Adkins v. Adkins,* 82 N.C. App. 289, 291, 346 S.E. 2d 220, 221 (1986); *Lindsey v. Lindsey,* 34 N.C. App. 201, 203, 237 S.E. 2d 561, 563 (1977). The statute of limitations begins to run against each support payment as it becomes overdue, not from the date the decree ordering support was entered. *Arrington v. Arrington,* 127 N.C. 190, 197-98, 37 S.E. 212, 214 (1900). Accordingly, there is no bar to recovery of unpaid child support payments which came due during the ten years immediately prior to the filing of a claim for past due support. *See Stephens v. Hamrick,* 86 N.C. App. 556, 559, 358 S.E. 2d 547, 549 (1987).

[2] The father's obligation to provide support for his children was a continuing one which ceased only when the children were adopted by their stepfather. *See Streeter v. Streeter,* 33 N.C. App. 679, 682, 236 S.E. 2d 185, 187 (1977) (" 'obligation of the husband to furnish support to his . . . minor children is a continuing one' ") (citation omitted); N.C. Gen. Stat. Sec. 48-23(2) (1984) ("biological parents . . . [are] relieved of all legal duties and obligations due from them to the person adopted" following entry of a final order of adoption). In our view, entitlement to each installment of child support ordered by the Michigan court became fixed and vested at the moment it was due and unpaid. In the absence of evidence that the mother waived her right to the past due payments, nothing about the subsequent adoption affected the father's pre-adoption obligation to provide support for his children, and nothing about the subsequent adoption affected the applicable statute of limitations. *Accord Sample v. Poteralski,* 169 Ga. App. 448, 313 S.E. 2d 145 (1984); *Sheffield v. Strickland,* 268 Ark. 1148, 599 S.W. 2d 422 (1980); *Bolden v. Davies,* 87 Cal. App. 2d 238, 196 P. 2d 588 (1948).

For the reasons stated, the order of the trial court is

Affirmed.

Judges PHILLIPS and LEWIS concur.