JOYCE B. BELCHER Plaintiff-Appellee v. H. ALAN AVERETTE,
Defendant-Appellant

No. COA99-405

(Filed 7 March 2000)

## 1. Child Support, Custody and Visitation— child support— consent order—medical expenses and insurance

The trial court did not err in concluding the consent order, fully incorporating the parties' separation agreement but modifying defendant's child support obligation, did not allow plaintiff to recover medical expenses and insurance which she incurred on behalf of the parties' minor children because the order did not provide for medical expenses other than the amount negotiated by the parties.

## 2. Child Support, Custody, and Visitation— civil contempt— child support arrearages—statute of limitations

Although defendant-father contends plaintiff-mother's claim for child support arrearages are barred by the ten-year statute of limitations under N.C.G.S. § 1-47, the trial court did not err in concluding defendant was in civil contempt of court for failing to pay the entire amount of court ordered child support because the ten-year statute of limitations begins to run against each support payment as it becomes overdue and not from the date the decree ordering support was entered; there is no bar to recovery of unpaid child support payments which came due during the ten years immediately prior to the filing of a claim for past due support; and the trial court properly applied defendant's child support payments to earlier arrearages first, and then to later arrearages.

## 3. Contempt— civil—child support arrearages—burden of proof

The trial court did not err in concluding defendant-father was in civil contempt of court for failing to pay the entire amount of court ordered child support because the burden of proof is on the party alleged to be delinquent to show that he was not in contempt, and defendant failed to show a lack of means to pay support or an absence of willfulness in failing to pay support.

Appeal by defendant from order entered 19 November 1998 by Judge John L. Whitley in District Court, Wilson County. Heard in the Court of Appeals 10 January 2000.

*Farris & Farris, P.A., by Robert A. Farris, Jr. and Caroline F. Quinn for the plaintiff-appellee.*

*Lederer & Associates, P.A., by William M. Lederer for the defendant-appellant.*

WYNN, Judge.

Before divorcing in 1978, Joyce B. Belcher and H. Alan Averette entered into a separation agreement which was fully incorporated into their divorce judgment. The agreement required Mr. Averette to pay Ms. Belcher the sum of $400.00 per month for support of their two minor children. The agreement also required Mr. Averette "to carry hospitalization insurance on said minor children until they reached the age of eighteen (18) years, as well as all medical and dental bills not covered by the insurance on the minor children."

In 1981, Ms. Belcher and Mr. Averette agreed to a consent order which fully incorporated the separation agreement but modified, *inter alia*, Mr. Averette's child support obligation by providing that

[Mr. Averette] will pay $6,000.00 child support for one year in advance to . . . [Ms. Belcher] and shall pay a like sum for one year in advance on or before September 1, of each year thereafter until further orders of the Court. From said $6,000.00 yearly child support, medical dental and drug bills for said children shall be paid by [Ms. Belcher] together with any of their education, tuition and schooling expenses . . . and if . . . [Mr. Averette] is obligated to pay support for a minor child pursuant to this Order that child incurs a substantial medical or dental bill not covered by insurance, the parties hereto will endeavor to negotiate toward such sum as . . . [Mr. Averette] will pay to . . . [Ms. Belcher] to assist in the payment of such bill.

On 5 August 1998, Ms. Belcher moved the trial judge to hold Mr. Averette in willful contempt of court for allegedly failing to pay the entire amount of court ordered child support.

At the hearing on her motion, Ms. Belcher argued that because the consent order provided that Mr. Averette would "carry hospital

and medical insurance on the two said minor children in such amounts as he presently carries upon them," she was entitled to recover the amount she paid for the children's medical insurance through 1994, in addition to the child support arrearages. District Court Judge John L. Whitley, however, found that the consent order did not provide for or allow the recovery of such sums.

At that same hearing, Mr. Averette argued that: (1) his child support payments made from 1988 through 1992 satisfied his support obligation for the ten years immediately preceding the filing of the motion to show cause and (2) any arrearages before that time period were barred by the ten year statute of limitations. Judge Whitley found, however, that any payments made by Mr. Averette from 1988 through 1992 first should be applied to the arrearages due at the time of the payment and thereafter applied to his child support obligation through June of 1994—arrearages of $21,900.00. Under that application, Judge Whitley concluded that the child support arrearages were within the ten year statute of limitations. Accordingly, Judge Whitley found Mr. Averette to be in willful contempt of the court and ordered him to be taken into the custody of "the Sheriff of Wilson County or the Sheriff of any County of this State, or any other jurisdiction charged with the duty of enforcing [the] Court's Orders".

From that order, both Ms. Belcher and Mr. Averette appeal.

## I. MS. BELCHER'S APPEAL

[1] In her appeal, Ms. Belcher contends that Judge Whitley erred in concluding that the consent order did not allow her to recover medical expenses and insurance which she incurred on behalf of the minor children. We disagree.

As Ms. Belcher correctly points out in her brief, the consent order provided that Mr. Averette would carry hospital and medical insurance on the minor children. Nonetheless, the agreement also provided that the separation agreement "shall remain in full force and effect, except as modified herein." One such modification was Mr. Averette's child support obligation which was increased from $400.00 per month to $500.00 per month. The consent order also provided that the child support obligation would cover, *inter alia*, "medical, dental and drug bills" for the children. However, under the terms of the consent order, the parties could negotiate the amount of Mr. Averette's obligation for substantial medical or dental bills incurred for the children which were not covered by the insurance.

Construing these provisions of the consent order, we agree with Judge Whitley's conclusion that the consent order did not provide for medical expenses other than that negotiated by the parties. Because the record does not contain evidence of any such negotiations between the parties, we must uphold the trial judge's conclusions on this issue.

## II. MR. AVERETTE'S APPEAL

In his appeal, Mr. Averette contends that Judge Whitley erred in concluding that he was in contempt of court because: (1) the child support arrearages at issue were barred by the ten year statute of limitations and (2) there was insufficient evidence to support the trial judge's conclusion that he was in willful contempt of the court for his failure to abide by the court's prior orders. We disagree with both contentions

[2] First, Mr. Averette contends that the arrearages supporting Ms. Belcher's claim were barred by the ten year statute of limitations under N.C. Gen. Stat. § 1-47 since the arrearages became overdue more than ten years immediately preceding the filing of the motion to show cause.

A judgment awarding child support is a judgment directing the payment of money usually in future installments. *See Lindsey v. Lindsey*, 34 N.C. App. 201, 203, 237 S.E.2d 561, 563 (1977). Further, this type of judgment falls within the ten year statute of limitations under N.C. Gen. Stat. § 1-47. *See State of Michigan v. Pruitt*, 94 N.C. App. 713, 714, 380 S.E.2d 809, 810 (1989); *see also* N.C. Gen. Stat. § 1-47 (1996). But the ten year statute of limitations "begins to run against each support payment as it becomes overdue, not from the date the decree ordering support was entered." *See Pruitt*, 94 N.C App. at 715, 380 S.E.2d at 810. Thus, "there is no bar to recovery of unpaid child support payments which came due during the ten years immediately prior to the filing of a claim for past due support." *Id.*

The trial judge in this case properly applied Mr. Averette's child support payments to earlier arrearages first and then to later arrearages. Under that application, the arrearages supporting Ms. Belcher's child support claim are within the ten year statute of limitations. Therefore, Ms. Belcher's child support claim is not barred by N.C.G.S. § 1-47.

[3] Next, Mr. Averette argues that there was insufficient evidence to support the trial judge's conclusion that he acted willfully in fail-

BELCHER v. AVERETTE

[136 N.C. App. 803 (2000)]

ing to make the support payments. He asserts that Ms. Belcher failed to prove his ability to pay support and his willful refusal to pay support.

However, the "statutes governing proceedings for civil contempt in child support cases clearly assign the burden of proof to the party alleged to be delinquent." *See Plott v. Plott*, 74 N.C. App. 82, 85, 327 S.E.2d 273, 275 (1985); *see also Hartsell v. Hartsell*, 99 N.C. App. 380, 387, 393 S.E.2d 570, 575 (1990) (stating that in "civil contempt the defendant has the burden of presenting evidence to show that he was not in contempt"). After a civil contempt proceeding is initiated by an interested party who files a motion in the cause, the opposing party must then show cause why he should not be found in contempt. *See Hartsell*, 99 N.C. App. at 387, 393 S.E.2d at 575. (stating that a motion in the cause for a civil contempt proceeding "must be based on a sworn statement or affidavit from which the court determined there is 'probable cause to believe that there is civil contempt.' G.S. 5A-23."). To show such cause, a party must establish a lack of means to pay support or an absence of willfulness in failing to pay support. *See Id.* at 85-86, 327 S.E.2d at 275; *see also Mauney v. Mauney*, 268 N.C. 254, 257, 150 S.E.2d 391, 393 (1966) (stating that a "failure to obey an order of a court cannot be punished by contempt proceedings unless, the disobedience is wilful, which imports knowledge and stubborn resistance"); *Lamm v. Lamm*, 229 N.C. 248, 250, 49 S.E.2d 403, 404 (1948) (stating that "[m]anifestly, one does not act willfully in failing to comply with a judgment if it has not been within his power to do so since the judgment was rendered").

Here, Ms. Belcher filed a motion in the cause initiating the civil contempt proceeding. But Mr. Averette neither argued nor presented any evidence at the civil contempt hearing that: (1) he was unable to pay the child support arrearages or (2) he did not act willfully in failing to pay the arrearages. Therefore, he failed to carry his burden of proof. Consequently, Judge Whitley properly held him in contempt of court for failing to comply with his child support obligation.

Accordingly, the trial court's order is

Affirmed.

Chief Judge EAGLES and Judge WALKER concur.