JOYCE B. BELCHER, Plaintiff v. H. ALAN AVERETTE, Defendant

No. COA01-1220

(Filed 20 August 2002)

**1. Child Support, Custody, and Visitation— support—attorney fees—action for arrearages after majority**

The trial court made sufficient findings to support an award of attorney fees in a child support action where the mother filed the action to collect arrearages after the children had reached majority. Plaintiff is an interested party as defined by N.C.G.S. § 50-13.6 because she provided financial support in the absence of defendant.

**2. Discovery— irrelevant and overly broad requests— denied—no abuse of discretion**

The trial court did not abuse its discretion in denying defendant's motion to compel discovery when considering a motion for attorney fees in a child support action because some of the request was irrelevant and the trial court could have concluded that a request for tax returns and financial statements for three and five years respectively was overly broad, burdensome, and oppressive, given the scope of the issue before the court.

**3. Costs— attorney fees—child support action—findings**

The trial court in a child support action made sufficient findings regarding the reasonableness of attorney fees.

Judge BRYANT dissenting.

Appeal by defendant from judgment entered 6 June 2001 by Judge John L. Whitley in Wilson County District Court. Heard in the Court of Appeals 22 May 2002.

*Farris and Farris, P.A., by Robert A. Farris, Jr. and William M.J. Farris, for plaintiff-appellee.*

*Lederer & Associates, P.A., by Mary-Ann Leon and William M. Lederer, for defendant-appellant.*

WALKER, Judge.

Plaintiff and defendant were divorced in 1978. In 1998, plaintiff filed a motion in the cause to enforce defendant's child support obligations, which were embodied in a consent decree. At the time of the filing, the children had reached the age of majority, and plaintiff, on behalf of the children, was attempting to collect arrearages from defendant. Defendant was found to be in contempt of the consent decree, and he subsequently appealed the contempt order. This Court affirmed the contempt order in *Belcher v. Averette,* 136 N.C. App. 803, 526 S.E.2d 663 (2000) (*Belcher I*).

Plaintiff's counsel filed a motion for attorney's fees before the trial court pursuant to N.C. Gen. Stat. § 50-13.6 (2001). Plaintiff's counsel also filed a supplemental motion for the award of plaintiff's attorney's fees to be added to the contempt order pursuant to Rule 60(a) of the North Carolina Rules of Civil Procedure. Defendant filed a motion to compel discovery of information allegedly relevant to plaintiff's ability to pay her attorney's fees.

The trial court found "this Court specifically finds pursuant to N.C.G.S. § 50-13.6 that the Defendant refused to provide support, and that this action, being brought on behalf of the minor children was brought in good faith and the minor children had insufficient means to defray the expenses of the suit[.]" It further found that $6,000.00 was a reasonable amount for attorney's fees under the circumstances. The trial court granted plaintiff's motion for attorney's fees. It also found "Defendant's Objections and Motions are not in order and are overruled" and denied defendant's motions to compel discovery.

On appeal, defendant first contends that the trial court erred in awarding attorney's fees pursuant to Rule 60(a) of the North Carolina Rules of Civil Procedure. As the order of the trial court clearly states that the award of attorney's fees was pursuant to N.C. Gen. Stat. § 50-13.6 and it does not address the Rule 60(a) motion, we overrule this assignment of error.

[1] Defendant next contends that the trial court made insufficient findings of fact for the award of attorney's fees under N.C. Gen. Stat. § 50-13.6. The trial court is granted considerable discretion in allowing or disallowing attorney's fees in child support cases. *Brandon v. Brandon*, 10 N.C. App. 457, 463, 179 S.E.2d 177, 181 (1971). Generally, an award will only be stricken if the award constitutes an abuse of discretion. *Clark v. Clark*, 301 N.C. 123, 136, 271 S.E.2d 58, 68 (1980). N.C. Gen. Stat. § 50-13.6 states:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.

An award of attorney's fees is proper in a contempt proceeding for willful failure to pay child support. *See Reynolds v. Reynolds*, 147 N.C. App. 566, 574-75, 557 S.E.2d 126, 131-32 (2001), *disc. rev. denied*, 355 N.C. 493, 563 S.E.2d 567 (2002). Our Courts have held that, to support a claim for child support, there must be an interested party, acting in good faith, with insufficient means to defray the expenses. *Hudson v. Hudson*, 299 N.C. 465, 472, 263 S.E.2d 719, 723 (1980). A party has insufficient means to defray the expenses of the suit when he or she is "unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit." *Id.* at 474, 263 S.E.2d at 725. If the action is for child support alone, there must be an additional finding that "the party ordered to furnish support has

refused to provide support which is adequate under the circumstances existing at the time of the institution of the proceeding." *Id.* at 472-73, 263 S.E.2d at 724.

Here, the trial court found that defendant refused to provide support, that the claim was being brought on behalf of the children in good faith, and that the children had insufficient means to defray the cost of litigation. Defendant does not assign error to any of these findings. Defendant's claim is based upon the fact that there was no finding that plaintiff was an interested party with insufficient means to defray the cost of litigation.

Before ruling on the motion, the trial court stated that it acted "after hearing from Counsel for the parties and reviewing the file and evidence in the cause[.]" The order notes the action is brought on behalf of the minor children. Child support by definition is for the benefit of the minor children, *see* N.C. Gen. Stat. § 50-13.4(c), and the children, even upon attaining their majority, ordinarily would not have sufficient funds to sue for past due support. Further, plaintiff is an interested party as defined by N.C. Gen. Stat. § 50-13.6, as she has provided the financial support in the absence of defendant. Thus, no further finding on that issue should be required as it was settled in *Belcher I.*

The trial court had before it *Belcher I* when it determined that plaintiff, on behalf of the children, had been deprived of $21,900.00 in child support which she had to provide. After a careful review of the record, we find that the trial court made sufficient findings to support its award of attorney's fees.

[2] Defendant next contends that the trial court erred in denying defendant's motion to compel discovery. Whether or not to grant a party's motion to compel discovery is in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Wagoner v. Elkin City Schools' Bd. of Education,* 113 N.C. App. 579, 585, 440 S.E.2d 119, 123, *disc. rev. denied,* 336 N.C. 615, 447 S.E.2d 414 (1994).

Here, defendant requested and plaintiff responded as follows:

1. All written contracts and agreements of attorney fees for counsel to the Plaintiff.

None

BELCHER v. AVERETTE

[152 N.C. App. 452 (2002)]

2. All copies of cancelled checks and receipts of monies paid by Plaintiff for attorney fees to counsel for the Plaintiff since the filing of this action.

None

3. Copies of Plaintiff's tax returns for the previous three years prior to this year.

n/a Plaintiff objects, since her ability to pay is not at issue.

4. Copies of any and all financial statements given to any bank, firm, person or corporation for the last five (5) years.

n/a Plaintiff objects, since her ability to pay is not at issue.

5. All copies of cancelled checks drawn on NationsBank or any other bank that Plaintiff has had business with for payment of Health Insurance by the Plaintiff for her children for the last twenty (20) years.

n/a Heath [sic] insurance is not an issue.

6. All copies of records showing health insurance coverage from Blue Cross Blue Shield Health Insurance carried by the Plaintiff for her children for the last twenty (20) years.

n/a Heath [sic] insurance is not an issue.

7. Any document(s) which supports any factual basis for each and every allegation of attorney fees and health insurance coverage on the children contained in Plaintiff's Complaint.

n/a Health insurance is not an issue.

As can be seen, requests 1 and 2 deal with proof that plaintiff had previously paid her attorney. This is irrelevant as there is no requirement that the fee be first paid by plaintiff before seeking an award pursuant to the statute. The final three requests all deal with issues involving health insurance, none of which bears on the issue at hand. Thus, only two requests bear on plaintiff's financial ability and those deal with tax returns and financial statements for the past three and five years respectively.

The trial court could have concluded that such a request was overly broad, burdensome and oppressive, given the narrow scope of the issue before the trial court and the substantial arrearages previously upheld by this Court. Denials of overly broad and burdensome

requests are routinely upheld. *See, e.g., Williams v. State Farm Mut. Auto. Ins. Co.*, 67 N.C. App. 271, 312 S.E.2d 905 (1984). Thus, the trial court did not abuse its discretion in denying defendant's motions to compel discovery.

**[3]** Defendant finally contends the trial court failed to make proper findings regarding the reasonableness of the attorney's fees. To award attorney's fees, the trial court must consider the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney. *United Laboratories, Inc. v. Kuykendall*, 102 N.C. App. 484, 494, 403 S.E.2d 104, 111 (1991), *aff'd*, 335 N.C. 183, 437 S.E.2d 374 (1993).

Here, after reviewing the record and hearing evidence and arguments of counsel, the trial court found the following in part:

> [T]he sum of $6,000.00, pursuant to the Affidavit by Plaintiff's Counsel as to fees and costs incurred, is reasonable under the circumstances of this case, considering the subsequent Appeal by Defendant resulting in the affirmation of the original Order secured by Plaintiff's Counsel on behalf [of] the minor children, as well as the original Hearing hereon, the usual and customary rates and charges, hourly rate, time spent and efforts expended by Counsel for Plaintiff as reflected in his Affidavit[.]

After a careful review of the record and the order, we find that the trial court made sufficient findings regarding the reasonableness of the attorney's fees and its consideration of the relevant factors.

In conclusion, we find the trial court did not err in granting plaintiff's motion for attorney's fees. Further, the trial court did not err in denying defendant's motion to compel discovery.

Affirmed.

Judge McCULLOUGH concurs.

Judge BRYANT dissents.

Judge BRYANT, dissenting:

I respectfully dissent from those portions of the majority opinion which affirm the award of attorney's fees and the trial court's denial of discovery.

BELCHER v. AVERETTE

[152 N.C. App. 452 (2002)]

N.C.G.S. § 50-13.6 clearly states that "the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit." It must be determined whether plaintiff, as the interested party in this matter, had insufficient means to defray the expense of suit, *not* the minor children. *See Taylor v. Taylor*, 343 N.C. 50, 468 S.E.2d 33 (1996) (stating that defendant was an interested party acting in good faith and evidence existed that she could defray the costs of litigation); *Reynolds v. Reynolds*, 147 N.C. App. 566, 557 S.E.2d 126 (2001) (stating that plaintiff, as an interested party, acted in good faith and did not have the means to defray the costs of suit); *Thomas v. Thomas*, 134 N.C. App. 591, 518 S.E.2d 513 (1999) (noting that the trial court failed to make findings as to whether mother, as the interested party, acted in good faith and could defray expenses of litigation); *Osborne v. Osborne*, 129 N.C. App. 34, 497 S.E.2d 113 (1998) (stating that defendant in the proceedings was an interested party acting in good faith, who could not defray the expenses of suit without impoverishing herself); *Lawrence v. Tise*, 107 N.C. App. 140, 419 S.E.2d 176 (1992) (stating that mother was an interested party acting in good faith).

The majority states that plaintiff provided financial support for the children in the absence of defendant. The majority states that plaintiff was deprived of $21,900.00 in child support. In addition, the majority states that children, even upon attaining the age of majority, would not have sufficient means to bring suit for past due child support. Based on the above stated facts, the majority concluded that "the trial court made sufficient findings to support its award of attorney's fees." I disagree.

It may be correct, as the majority alludes, that in a case involving child support or custody issues, a parent is *technically* acting on behalf of or in the interests of her minor children. However, I find it inconceivable that our legislators intended the courts to consider the minor children's ability to bear the expense of suit (instead of focusing on the parent's ability to bear the expense of suit when the parent is the party seeking enforcement of the underlying child support order). *See, e.g., Van Every v. McGuire*, 348 N.C. 58, 62, 497 S.E.2d 689, 691 (1998) (stating that when determining a party's entitlement to an award of attorney's fees in child custody dispute, "if [the] trial court finds from the evidence that [the party] has sufficient means to defray the expense of the suit, then [the party's] request for attorney's fees shall be denied"); *Taylor v. Taylor*, 343 N.C. 50, 54, 468 S.E.2d 33,

**BELCHER v. AVERETTE**

[152 N.C. App. 452 (2002)]

35 (1996) ("[B]efore attorney's fees can be taxed in an action for custody or in [an] action for custody and support, . . . the party seeking the award" of attorney's fees must both allege and prove that party is an interested party acting in good faith and that party has insufficient means to defray the expense of suit). It is uncontroverted that defendant was found to be in contempt of a child support order, with arrears totaling $21,900.00. Moreover, it is undisputed that plaintiff provided care and support for the children in the absence of support from defendant. However, these facts do not lend themselves to the direct conclusion that plaintiff, as the interested party bringing this action in good faith, was of insufficient means to defray the expense of suit. The statutorily required findings of N.C.G.S. § 50-13.6 cannot be circumvented in the manner in which the majority reasons.

The trial court failed to make findings regarding plaintiff's ability to defray the expense of suit. I would therefore reverse the trial court's decision as to this issue and remand for findings as to plaintiff's ability to defray the expense of suit.

In addition, I would reverse the trial court's denial of defendant's motion to compel discovery of information relevant to plaintiff's financial ability to pay her attorney's fees.

In North Carolina, a party may obtain discovery of any unprivileged information, as long as that information is relevant to the pending action and is reasonably calculated to lead to the discovery of admissible evidence. N.C.R. Civ. P. 26(b)(1). Whether or not to grant a party's motion to compel discovery resides in the sound discretion of the trial court, and will not be disturbed absent abuse of that discretion. *See Wagoner v. Elkin City Schools' Bd. of Education*, 113 N.C. App. 579, 585, 440 S.E.2d 119, 123 (1994).

As noted above, I believe that the trial court committed error in failing to make findings concerning plaintiff's financial ability to pay her attorney's fees. The information defendant sought to discover was both relevant to and reasonably calculated to reveal evidence admissible as to the issue of plaintiff's financial ability to pay her attorney's fees. Defendant having satisfied the requirements enunciated in N.C.R. Civ. P. 26(b)(1), I believe that the trial court committed error amounting to an abuse of discretion in failing to grant defendant's motion to compel discovery of information relevant to plaintiff's ability to pay her attorney's fees.

For the reasons set forth herein, I would reverse and remand to the trial court to make findings in accordance with N.C.G.S. § 50-13.6. Specifically, the trial court should be ordered to make findings regarding whether plaintiff has insufficient means to defray the expense of the suit. In addition, I would reverse the trial court's denial of defendant's motion to compel discovery.