STROUD, Judge.
 

 Defendant appeals from an order establishing child support. The trial court limited the presentation of evidence based upon a misapprehension of the law at the only evidentiary hearing held in this case and received no additional evidence on remand, and both parties have requested remand based upon several errors in the order. The trial court also made findings of fact and conclusions of law on remand regarding the time period after the hearing without receiving any new evidence. We vacate the order and remand for a new evidentiary hearing and new order establishing child support and addressing the other issues discussed below, including birth expenses, attorney fees, and any reimbursement or arrears of past prospective child support payments needed based upon plaintiff-father's actual payments made prior to the hearing on remand and the child support as established by the new order on remand.
 

 I. Background
 

 The background of this case may be found in
 
 Crews v. Paysour
 
 ,
 

 Plaintiff William S. Crews, Jr. and Defendant Nysa Marinda Paysour are the parents of a minor child, but were never married. On 7 March 2012, Crews filed a complaint for child custody and child support. On 13 August 2012, the trial court entered an order for child support titled "Temporary IV-D Order" which stated this order is a temporary order for support by consent of parties and that both parties shall return to court upon motion filed by either party.
 

 Applying the North Carolina Child Support Guidelines, the court ordered Crews to pay $898.00 per month in child support. This figure was based on Crews's gross monthly income of $4,331.67.
 

 --- N.C. App. ----, ----,
 
 797 S.E.2d 380
 
 ,
 
 2017 WL 1056233
 
 , at *2-3 (March 21, 2017) (COA16-604) (unpublished) (quotation marks and brackets omitted) ("
 
 Crews I
 
 ").
 

 Defendant-mother ("Mother") and plaintiff-father ("Father") were in medical school when a temporary child support order was entered in 2012; the income of both parties increased substantially after they completed their residencies.
 

 On 5 May 2014, Paysour filed a notice of hearing for permanent child support and permanent custody. The trial court held that hearing on 30 September 2014 and heard evidence on the parties' incomes, expenses and other information relevant to the award of child support. After the hearing, the trial court sent a letter dated 4 December 2014 to the parties' counsel with a "Rendition of Judgment" from the child support hearing but not a written order awarding permanent child support.
 

 Ultimately, the parties scheduled a conference with the court on 22 October 2015 regarding the entry of a written child support order. At the conference, the parties discussed the 4 December 2014 letter from the court and their draft proposed orders. The parties later submitted additional proposed orders and objections.
 

 On 7 December 2015, the trial court entered a permanent child support order. In the order, the trial court made findings regarding both parties' incomes and expenses. The trial court ordered Crews to pay $3,037.00 per month in child support prospectively, and $23,529.00 in child support arrears for the period from December 2014 through October 2015, to be paid in monthly installments of $750.00. Crews timely appealed.
 

 Id.
 
 at *3-4.
 

 Crews I
 
 was based upon Father's appeal from the 7 December 2015 child support order but it did not address all of the issues he raised.
 
 See
 

 id.
 
 at *5-7. Mother conceded some errors argued by Father in his appeal.
 
 See
 

 id.
 
 at *6.
 
 Crews I
 
 did
 
 not
 
 address the details of Father's "series of arguments concerning the trial court's findings and resulting calculations concerning his child support obligations."
 
 Id.
 
 at *5.
 

 The first issue addressed in
 
 Crews I
 
 was Father's argument regarding the trial court's subject matter jurisdiction to modify child support award; we determined the trial court had subject matter jurisdiction to act.
 
 See
 

 id.
 
 at *4-5. The second issue addressed in
 
 Crews I
 
 was the calculation of non-guideline child support, but instead of addressing the details
 of Father's arguments regarding the findings of fact of the numbers used in the calculation and how the support was calculated, we vacated the child support order and remanded for entry of a new order "because the trial court's order expressly indicate[d] that the court was operating under a misapprehension of the law-a fact conceded by [Mother] on appeal."
 
 Id.
 
 at *5-6. This Court did not address the details of the arguments regarding the actual calculation of the child support, because "[t]he trial court's analysis of those issues may be different when applying the proper legal standard for a child support award in a high-income case such as this one."
 
 Id.
 
 at *7. We also directed that "[o]n remand, the trial court is free to decide, in its discretion, whether additional evidence or a hearing is necessary, or whether the case may be decided based on the existing record."
 
 Id.
 
 On remand, the trial court did not receive any additional evidence, but counsel for both parties presented arguments regarding their proposed calculations of child support.
 

 Mother appealed from the order on remand, and once again, in this appeal, although Mother is now the appellant and Father did not cross appeal, both parties note various errors in the trial court's calculation of child support, and Father concedes that the order must be remanded at least on some issues.
 

 It is apparent from the record that much of the difficulty in this child support order was caused by the delay in entry of an order, and certainly the passage of more time for appeals has only made matters worse. The child support hearing was held on 30 September 2014; this was the only evidentiary hearing. On 22 October 2015, a hearing was held to address the fact that it was thirteen months after the hearing and no order had been entered. The first order was entered 7 December 2015, over a year after the hearing. The order on remand was entered almost three years after the hearing. At the time of this opinion, over four years have passed since the hearing. Based upon the variety of issues arising from the trial court's order and the need to remand, we will address a few key concerns of this Court.
 

 II. Lack of Competent Evidence
 

 Here, the trial court did not receive any evidence on remand, but despite the lack of evidence entered findings of fact regarding child support payments. Mother challenges these findings of fact as unsupported by the evidence, and since the only evidentiary hearing was in September 2014, any findings about any events after September 2014 are obviously unsupported by the record. At the hearing on remand in May of 2017, the trial court discussed the child support payments since the
 first order with counsel and counsel informed the court about these payments
 since the prior order. And although counsel
 
 discussed
 
 the issue with the trial court, the parties did not stipulate to amounts paid since the prior order or agree on how any overpayment by Father should be addressed. And arguments of counsel are not evidence: "[I]t is axiomatic that the arguments of counsel are not evidence."
 
 Basmas v. Wells Fargo Bank, Nat. Ass'n
 
 ,
 
 236 N.C. App. 508
 
 , 513,
 
 763 S.E.2d 536
 
 , 539 (2014) (citation and quotation marks omitted).
 

 Father argues that
 
 Crews I
 
 left it in the trial court's discretion as to whether to receive additional evidence on remand, so the trial court properly made findings addressing the time period after the evidentiary hearing. But when this Court leaves the matter of receiving additional evidence to the discretion of the trial court, this does not mean that the trial court can make findings of fact regarding something not addressed by the evidence at the hearing. It is equally axiomatic that findings of fact must be based upon competent evidence.
 
 See
 

 Romulus v. Romulus
 
 ,
 
 215 N.C. App. 495
 
 , 498,
 
 715 S.E.2d 308
 
 , 311 (2011) ("[W]hen the trial court sits without a jury, the standard of review on appeal is
 
 whether there was competent evidence to support the trial court's findings of fact
 
 and whether its conclusions of law were proper in light of such facts." (emphasis added) (citations and quotation marks omitted)). When we leave it in the discretion of the trial court as to whether to receive additional evidence on remand, we mean only that the trial court
 
 may
 
 receive additional evidence on remand if it determines this would be helpful, but the trial court is not
 
 required
 
 to receive additional evidence on remand.
 
 See generally
 

 Holland v. Holland
 
 ,
 
 169 N.C. App. 564
 
 , 572,
 
 610 S.E.2d 231
 
 , 237 (2005). ("Additionally, on remand, the trial court shall rely upon the existing record, but may in its sole discretion receive such further evidence and further argument from the parties as it deems necessary and appropriate to comply with the instant opinion." (citation and quotation marks omitted)). Since the trial court is aware of the circumstances at the time of remand, and we are not, we often leave this decision to the trial court's discretion because it is in a better position to determine how to proceed.
 

 In other cases, we limit the trial court's discretion to some extent. For example, we recognize the possibility that sometimes counsel for the parties may agree on certain issues after remand so that no additional evidence is needed. We may also allow the parties to determine if they need to present additional evidence.
 
 See, e.g.
 
 ,
 
 Lasecki v. Lasecki
 
 ,
 
 246 N.C. App. 518
 
 , 543,
 
 786 S.E.2d 286
 
 , 304 (2016) ("We therefore remand the case to the trial court for further proceedings consistent with this
 opinion and direct that if either party requests to present additional evidence for the trial court's consideration on remand as may be needed to address the issues discussed in this opinion, the trial court shall allow presentation of evidence, although the trial court may in its discretion set reasonable limitations on the extent of new evidence presented."). And further, because of the specific issues addressed by the opinion, sometimes we do expressly require additional evidence on remand.
 
 See, e.g.
 
 ,
 
 Dixon v. Dixon
 
 ,
 
 67 N.C. App. 73
 
 , 79,
 
 312 S.E.2d 669
 
 , 673 (1984) ("We do hold, however, that the nature of child abuse, it being such a terrible fate to befall a child, obligates a trial court to resolve any evidence of it in its findings of fact. This was not done and the order is therefore vacated and the case remanded for a new hearing on the issue of custody.") And in other cases, where the record contains sufficient evidence to support the findings of fact and conclusions of law the trial court must make on remand, the trial court must make the required findings based upon the existing record without taking further evidence.
 
 See, e.g.
 
 ,
 
 Carpenter v. Carpenter
 
 ,
 
 225 N.C. App. 269
 
 , 279,
 
 737 S.E.2d 783
 
 , 790 (2013) ("On remand, the trial court shall make additional findings of fact based upon the evidence presented at the trial." (footnote omitted)).
 

 But in any case, including this one, if no additional evidence is presented on remand, the trial court can make its findings of fact and conclusions of law only based upon the
 
 existing record
 
 . The order on remand can address only the facts as of the last date of the evidentiary hearing because that is the only evidence in the record. Evidence is always
 required to support findings of fact, unless the parties have stipulated to the fact or the finding is subject to judicial notice, neither of which is present here.
 
 [1]
 
 Thus, we cannot review the order to determine if the findings of fact are supported by the evidence because there is no competent evidence for the time period covered by those findings of fact.
 

 We also note this case is unusual, particularly for a non-guideline child support case, because during the September 2014 hearing, the parties presented little evidence regarding their living expenses, minimal
 evidence regarding the child's needs and expenses, and they were only allotted thirty minutes each. Upon review of the entire transcript and proceedings on remand, we are concerned that the trial court's misapprehension of the law, as discussed in
 
 Crews I
 
 ,
 
 see
 

 Crews I
 
 , at *5-6, also caused the trial court to limit the evidence presented at the hearing. The trial court was "mistaken in Finding of Fact number 14 wherein the court cited
 
 Loosvelt v. Brown
 
 [
 
 235 N.C.App. 88
 
 ,
 
 760 S.E.2d 351
 
 (2014) ] as standing for the proposition that the amount of child support awarded could not be in an amount lower than the maximum basic child support obligations."
 
 Id.
 
 at *6 (quotation marks and ellipses omitted). In other words, based upon its misinterpretation of
 
 Loosvelt
 
 , the trial court determined the guideline calculation addressed all of the usual and ordinary living expenses of the child, so evidence was needed only to address any needs above those basic needs deemed extraordinary expenses. At the beginning of the hearing, the trial court stated this limitation on the evidence:
 

 The Court: -and I-I gave, for the parties, I
 
 gave them the minimum standard amount under the law based upon your combined incomes is-the reasonable needs of the child under the Guidelines will be $2,059. That means that's what the Guidelines will say for a combined income of $25,000. Now, reasonable needs is going to have to be
 

 proven beyond that 2,059 for me to consider something more
 
 'cause I can lean on that very heavily, even the Guidelines say that, so that's going to kind of be the issue I'm going to be looking at, can it be established, you know, more than 2,059, so, each side is going to have 30 minutes, and that includes witnesses, opening, closing. Do either of y'all want to make an opening or you just want to get right to your evidence?
 

 (Emphasis added).
 

 Thus, in the hour of evidence and argument, the parties presented the evidence as the trial court directed, and almost no evidence of the ordinary living expenses and needs of the child. This case did begin as a guideline child support case, since in 2012, both parties had lower incomes.
 
 See
 

 id.
 
 at *2. Although now this is a high-income case, the only financial affidavit in our record is the one-page "Child Support Financial Affidavit," which includes only the numbers required to calculate guideline child support: monthly gross income; pre-existing child support payments; responsibility for other children; work-related child care costs; health insurance premium costs for the child; and other "extraordinary
 [c]hild-[r]elated expenses."
 
 [2]
 
 As directed by the trial court at the beginning
 of the hearing, much of the evidence was about the extraordinary expenses such as Father's travel costs and lessons for soccer, music, and swimming. Accordingly, the misapprehension of law may explain the evidence, and lack thereof, in the record.
 

 In a non-guideline child support case, the trial court must consider the needs of the child, specifically based upon the "accustomed standard of living" of that child, and must make findings of fact to address these needs:
 

 where the parties' income exceeds the level set by the Guidelines, the trial court's support order, on a case-by-case basis, must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to meet the reasonable needs of the child and (2) the relative ability of the parties to provide that amount. The determination of a child's needs is largely measured by the accustomed standard of living of the child.
 

 Smith v. Smith
 
 ,
 
 247 N.C. App. 135
 
 , 145-46,
 
 786 S.E.2d 12
 
 , 21 (2016) (citations and quotation marks omitted). On remand, based upon the evidence presented at the original hearing and on remand, the new order should include the required findings of fact to address the financial circumstances of both parties and the reasonable needs of the child.
 

 III. Effect of Holding of
 
 Crews I
 

 And we have one more general concern. Based upon the trial court's comments, the trial court may have been under the impression that because this court vacated and remanded the first order, we approved Father's arguments regarding various findings in the first order, including the amounts of travel costs and medical insurance costs challenged by Mother in this appeal. In other words, this appeal is largely a mirror image of the last appeal on these issues. Father was the appellant from the first order and challenged certain findings,
 
 see
 

 Crews I, *
 
 1-7,
 and Mother was the appellant in
 
 this
 
 appeal and challenged findings on some of those same issues, since the findings are in accord with Father's arguments in the first appeal. But this Court did not address the findings of fact in
 
 Crews I
 
 ; we addressed only the legal error.
 
 See
 

 id.
 
 at *7. So
 
 if
 
 the trial court made any findings in the order on appeal based upon the belief this Court tacitly approved Father's arguments in
 
 Crews I
 
 , the trial court again made the findings of fact under a misapprehension of the law of the case.
 

 IV. This Appeal
 

 Finally, we have reviewed Mother's arguments in this appeal, and, without addressing each in detail, some have merit, including obvious mathematical errors in the order.
 

 A. Mathematical Errors
 

 The trial court noted in the findings it would allocate half of the cost of Mother's lease and car payment to the child's needs but actually included the entire amount. Also, the trial court found it would allocate the parties' responsibility for the child's needs based upon their percentages of the total income, so 53.41% of the child's support would be allocated to Mother and 46.59% to Father. But the trial court gave Father a "credit" against his percentage of the child's expenses for the full amount of the travel expenses for visitation, which means that Mother bears responsibility for 100% of the travel expense, not her percentage based upon her income. Although we do not endorse the arguments on appeal of either party on the correct calculations of the medical insurance costs and travel expenses, these calculations were issues in both appeals and in the order after remand, the trial court should make its findings and mathematical calculations on these issues clear.
 

 B. Pregnancy and Birth Expenses
 

 Mother brought a counterclaim for the expenses under North Carolina General Statute § 49-15, and Father concedes she presented evidence of these expenses at the trial. The trial court did not address this claim at all, and again even Father concedes the trial court "should have ... addressed" the issue. On remand, the trial court shall address this claim.
 

 C. Attorney Fees
 

 Mother also sought attorney fees in her answer and counterclaims. The trial court made only two findings regarding her claim for attorney fees:
 

 38. Defendant submitted an Attorney Fee Affidavit which contained billing for this proceeding as well as evidence of counsel fees paid to Attorney Amy Edwards during the prior proceeding in this cause.
 

 39. Since both parties appear to be on fairly equal status as to their abilities to provide for the child, the Court declines to award counsel fees in this matter.
 

 Mother argues that the "trial court erred by failing to make adequate findings of fact and any conclusions of law regarding [Mother's] claim for attorney's fees."
 

 In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit.
 
 Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding
 
 ; provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.
 

 N.C. Gen. Stat. § 50-13.6
 
 (2011) (emphasis added).
 

 Although the amount of an award of attorney fees is in the trial court's discretion, whether Mother has met the statutory requirements for an award of attorney fees is a question of law.
 
 See
 

 Atwell v. Atwell
 
 ,
 
 74 N.C. App. 231
 
 , 237,
 
 328 S.E.2d 47
 
 , 51 (1985) ("While whether the statutory requirements have been met is a question of law, reviewable on appeal, the amount of attorney's fees is within the sound discretion of the trial judge and is only reviewable for an abuse of discretion.") The trial court did not make the required findings of fact to allow us to review the denial of attorney fees, and findings of fact are required to show the basis for either the award or denial of attorney fees:
 

 Where an award of attorney's fees is prayed for, but denied, the trial court must provide adequate findings
 of fact for this Court to review its decision. Although the trial court denied Ms. Diehl's request for attorneys' fees, it made no findings relating to that denial, such as whether Ms. Diehl acted in good faith or whether she had insufficient means to defray the expense of the suit. Consequently, we must remand for entry of proper factual findings to support the trial court's decision regarding Ms. Diehl's request for attorneys' fees.
 

 Diehl v. Diehl
 
 ,
 
 177 N.C. App. 642
 
 , 653,
 
 630 S.E.2d 25
 
 , 32 (2006) (citation and quotation marks omitted).
 

 Under North Carolina General Statute § 50-13.6, the trial court must make findings addressing (1) whether mother is an interested party; (2) whether she was acting in good faith; (3) whether she had insufficient means to defray the expenses of the suit; and (4) whether the party ordered to pay support. Here, Father refused to provide support adequate under the circumstances
 
 existing at the time of institution of the action. See
 

 N.C. Gen. Stat. § 50-13.6
 
 . The trial court's findings should address each of these four factors.
 
 See
 

 Gibson v. Gibson
 
 ,
 
 68 N.C. App. 566
 
 , 575,
 
 316 S.E.2d 99
 
 , 105 (1984) ("Under the principles set forth in
 
 Hudson
 
 ,
 
 supra
 
 , however, this action is one for support only and the additional finding requirement of G.S. 50-13.6 is thereby invoked. Our examination of the judgment discloses that the trial court did not find that plaintiff has refused to provide adequate support under the circumstances existing at the time the action was initiated. Such a finding is required in order to award attorney's fees in this case. Its absence compels us to vacate the award of attorney's fees and remand this case for additional findings
 as required by G.S. 50-13.6. We note incidentally that the expenses on which the award of counsel fees was based appear to relate solely to defendant's child support claim.")
 

 Based upon the evidence, it appears Mother may have met the "statutory requirements of G.S. Sec. 50-13.6" but the trial court made no findings on these factors.
 
 Atwell
 
 ,
 
 74 N.C. App. at 237
 
 ,
 
 328 S.E.2d at 51
 
 . Mother presented evidence that at the time of institution of this action, she was still in medical school, receiving public assistance, and had a much lower income. In fact, the initial child support order against Father was entered in a IV action brought on Mother's behalf. Mother testified that she had to borrow money from her brother to pay her attorney fees.
 

 On remand, the trial court may either allow or deny an award of attorney fees in its discretion, but it still must make the findings of fact required for appellate review.
 
 See
 

 Diehl
 
 ,
 
 177 N.C. App. at 653
 
 ,
 
 630 S.E.2d at 32
 
 . The trial court must consider whether Mother was "unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit. If the action is for child support alone, there must be an additional finding that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the proceeding."
 
 Belcher v. Averette
 
 ,
 
 152 N.C. App. 452
 
 , 454-55,
 
 568 S.E.2d 630
 
 , 632 (2002) (citations and quotation marks omitted). The trial court made no findings about whether Father had provided "support which is adequate under the circumstances existing at the time of the institution of the proceeding" or Mother's ability to employ counsel to defend against Father in this action.
 

 Id.
 

 On remand, the trial court shall make findings of fact regarding Mother's claim for attorney fees under North Carolina General Statute § 50-13.6, keeping in mind that it
 
 must
 
 consider the circumstances at the time of institution of the action, as to whether Father was providing support adequate
 
 under the circumstances at the time of institution of the proceeding
 
 , and may also consider current circumstances in its discretion.
 
 See generally
 
 id.
 

 We express no opinion on whether the trial court should or should not award attorney fees; that decision is in the trial court's discretion. But whatever the decision, the trial court must make the required findings of fact for either a denial of attorney fees or an award of attorney fees.
 

 D. Summary
 

 Based upon the lack of an evidentiary hearing since September 2014, possible misinterpretations of
 
 Crews I
 
 , the mathematical errors, the failure to address all of Mother's claims, and the failure to make necessary findings of fact for Mother's attorney fee claim, we must vacate the order and remand for a new order without addressing the substance of each argument on appeal because as noted by
 
 Crews I
 
 , "[t]he trial court's analysis of th[e] issues may be different when applying the proper legal standard [and considering the new evidence] for a child support award in a high-income case such as this one."
 
 Crews I
 
 at *7.
 

 V. Conclusion
 

 We vacate the order and remand for a new trial on all issues. The parties may rely upon the evidence presented at the September 2014 hearing but may also present additional evidence for the entire time period covered by the hearing, from March 2012, the date the child support claim was filed, to the date of the hearing on remand. We note based upon the arguments on appeal, the trial court should clarify its
 calculations of certain expenses. The trial court shall then enter a new order addressing all of the claims and issues.
 

 VACATED and REMANDED.
 

 Judges ZACHARY and MURPHY concur.
 

 "N.C. Gen. Stat. § 8C-1, Rule 201 controls when the court may take judicial notice of adjudicative facts. Rule 201 provides that a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. A fact is considered indisputable if it is so well established as to be a matter of common knowledge. Conversely, a court cannot take judicial notice of a disputed question of fact."
 
 Hensey v. Hennessy
 
 ,
 
 201 N.C. App. 56
 
 , 68-69,
 
 685 S.E.2d 541
 
 , 550 (2009) (citations and quotation marks omitted).
 

 The entry for "[p]re-existing [c]hild [s]upport [p]ayments" on this form by Father was likely the reason for the trial court's error in the first order, since Father listed his temporary child support obligation for this child. The pre-existing child support payments as intended on the affidavit would be a child support obligation for
 
 another
 
 child of the parent completing the affidavit. There is no evidence of other child support obligations or other children. In the
 
 Crews I
 
 order, the trial court found that "The Plaintiff should also get half credit for existing child support payments of $898.00 per month, or $450.00 rounded up." But $898.00 was Father's temporary child support obligation, not support for another child.