GEORGE G. CUNNINGHAM EXECUTOR OF THE ESTATE OF CHRISTINE B.
CUNNINGHAM, DECEASED, Plaintiff v. CHARLES A. CANNON, JR. MEMO-
RIAL HOSPITAL, INCORPORATED, DIAMOND HEALTHCARE CORPORATION,
AND DAVID CLEO COOK, M.D., Defendants

No. COA06-1532

(Filed 18 December 2007)

1. **Appeal and Error— appealability—interlocutory order—
discovery order—privilege—substantial right**

    Although defendant doctor appeals from an interlocutory dis-
covery order of the trial court denying in part his motion for a
protective order and granting in part plaintiff executor's motion
to compel, defendant has a right to an immediate appeal because:
(1) appeals from discovery orders have been held to affect a sub-
stantial right when a privilege under N.C.G.S. § 90-21.22 has been
asserted; and (2) defendant asserted that the matters to be dis-
closed were privileged under N.C.G.S. § 90-21.22.

2. **Discovery; Medical Malpractice— Physicians Health Pro-
gram—substance abuse—motion for protective order—vol-
untary consent order—public record—disciplinary action**

    The trial court did not abuse its discretion in a medical negli-
gence case by denying in part defendant doctor's motion for a
protective order with respect to the Georgia Board of Medical
Examiners (GBME) order regarding defendant's alleged sub-
stance abuse even though defendant argued it contained infor-
mation pertaining to a Physicians Health Program and was
privileged under N.C.G.S. § 90-21.22, because: (1) although
N.C.G.S. § 90-21.22 provides that any confidential patient infor-
mation and other nonpublic information acquired, created, or
used in good faith by the Academy or a society under this section
shall remain confidential and shall not be subject to discovery or
subpoena in a civil case, the GBME order provided that the con-
sent order, once approved, shall constitute a public record which
may be disseminated as a disciplinary action of the Board; and (2)
defendant voluntarily entered into the consent order with the full
understanding that it would become public record, and the GBME
order was not privileged under N.C.G.S. § 90-21.22 and was dis-
coverable since it was a public record.

**3. Discovery; Medical Malpractice— motion for protective order—application for hospital privileges—limitations on ability to practice medicine**

The trial court did not abuse its discretion in a medical negligence case by denying in part defendant doctor's motion for a protective order with respect to his application for hospital privileges showing defendant's limitations on his ability to practice medicine, because: (1) the privilege referenced in N.C.G.S. § 131E-95 does not extend to information available from original sources other than the medical review committee merely based on it being presented during medical review committee proceedings, and the statute's purpose is not violated by allowing materials otherwise available to be discovered and used in evidence even though they were considered by a medical review committee; and (2) the information sought by plaintiff was generated by defendant, not the Cannon Credentialing Committee, and thus the information was discoverable.

**4. Discovery; Medical Malpractice— motion to compel—doctor's substance abuse and limitations on ability to practice medicine**

The trial court did not abuse its discretion in a medical negligence case by granting in part plaintiff executor's motion to compel discovery regarding defendant doctor's substance abuse and limitations on his ability to practice medicine, because: (1) N.C.G.S. § 1A-1, Rule 26 provides that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party; and (2) the Court of Appeals determined that both items sought by plaintiff were not privileged, and the information contained in a Georgia order and the application for hospital privileges provided information related to defendant's history of drug and alcohol abuse.

Judge JACKSON concurring in a separate opinion.

Appeal by defendant David Cleo Cook, M.D. from order entered 24 May 2006 by Judge Anderson D. Cromer in Wilkes County Superior Court. Heard in the Court of Appeals 6 June 2007.

*Pulley, Watson, King & Lischer, by Richard N. Watson, for plaintiff-appellee.*

*Carruthers & Roth, P.A., by Richard L. Vanore, Norman F. Klick, Jr. and Robert N. Young, for defendant-appellant.*

CALABRIA, Judge.

Defendant David Cleo Cook, M.D. ("Dr. Cook") appeals from an order of the trial court denying in part his motion for a protective order and granting in part George G. Cunningham, Executor of the Estate of Christine B. Cunningham's ("plaintiff") motion to compel. We affirm.

On 31 May 2004, Christine B. Cunningham ("Mrs. Cunningham"), plaintiff's wife and decedent, attempted suicide. Mrs. Cunningham was involuntarily committed to the Watauga Medical Center on 1 June 2004 where she received treatment. Mrs. Cunningham was transferred to the Charles A. Cannon, Jr. Memorial Hospital, Incorporated ("Cannon Memorial") on 1 June 2004. That same day, Mrs. Cunningham was placed on one-on-one constant observation and was placed under suicide precautions. On 3 June 2004, at 12:18 p.m., Dr. Cook changed Mrs. Cunningham's observation status from one-on-one to "close." At 3:30 p.m., a nurse found Mrs. Cunningham in the bathroom hanging by her neck and reported that Mrs. Cunningham was unresponsive. On 4 June 2004, the following day, Mrs. Cunningham died as a result of the injuries sustained from the previous day's incident.

On 3 October 2005, plaintiff filed an action against Dr. Cook, Cannon Memorial and Diamond Healthcare Corporation ("Diamond") alleging medical negligence of each party. On 1 February 2006, Dr. Cook filed a Motion for Protective Order to prohibit plaintiff from seeking discovery of privileged and confidential information. On 24 May 2006, Wilkes County Superior Court Judge Anderson D. Cromer ("Judge Cromer") entered an order granting Dr. Cook's motion as to certain interrogatories regarding information otherwise produced during the course of peer review activities or while participating in any agreements made pursuant to N.C. Gen. Stat. § 90-21.22 (2005). Judge Cromer denied Dr. Cook's motion for a protective order in part and granted plaintiff's motion to compel as to Dr. Cook's alleged substance abuse and limitations on his ability to practice medicine. Judge Cromer further ordered that a prior order entered by the Georgia Board of Medical Examiners ("GBME order") was dis-

coverable and portions of Dr. Cook's application for privileges with Cannon Memorial that were submitted to the North Carolina Department of Health and Human Services ("DHHS") were discoverable. Dr. Cook appeals.

[1] Initially we note that although Dr. Cook's appeal is interlocutory, appeals from discovery orders have been held to affect a substantial right when a privilege under N.C. Gen. Stat. § 90-21.22 has been asserted. *See Armstrong v. Barnes,* 171 N.C. App. 287, 614 S.E.2d 371, *review denied,* 360 N.C. 60, 621 S.E.2d 173 (2005) (allowing interlocutory appeal of discovery order based on privileges asserted under N.C. Gen. Stat. § 90-21.22); *Sharpe v. Worland,* 351 N.C. 159, 522 S.E.2d 577 (1999) (holding interlocutory discovery orders affect a substantial right when a statutory privilege directly related to the matter to be disclosed is asserted). Because Dr. Cook asserts that the matters to be disclosed are privileged under N.C. Gen. Stat. § 90-21.22, a substantial right is affected.

## I. The Georgia Order

[2] Dr. Cook argues the trial court erred in denying his motion for a protective order with respect to the GBME order because the information pertained to a Physicians Health Program and is privileged under N.C. Gen. Stat. § 90-21.22. We disagree.

Pursuant to N.C. Gen. Stat. § 90-21.22 (2005), "[a]ny confidential patient information and other *nonpublic information* acquired, created, or used in good faith by the Academy or a society pursuant to this section *shall remain confidential and shall not be subject to discovery or subpoena in a civil case." Id.* (emphasis added). Nonpublic information is information that is not accessible to or shared by all members of the community. *Sharpe,* 137 N.C. App. at 88, 527 S.E.2d at 79. The GBME order provides "this Consent Order, once approved, shall contitute [sic] a public record which may be disseminated as a disciplinary action of the Board." Therefore, Dr. Cook voluntarily entered into the consent order with the full understanding that it would become public record and the GBME Order is not privileged pursuant to N.C. Gen. Stat. § 90-21.22 and is discoverable because it is a public record.

## II. The Application for Privileges

[3] Defendant next argues the trial court erred by denying his motion for protective order with respect to his application for hospital privileges. We disagree.

North Carolina General Statutes § 131E-95 provides:

The proceedings of a medical review committee, the records and materials it produces and the materials it considers shall be confidential and not considered public records within the meaning of G.S. 132-1 " 'Public records' defined", and shall not be subject to discovery or introduction into evidence in any civil action against a hospital, an ambulatory surgical facility licensed under Chapter 131E of the General Statutes, or a provider of professional health services which results from matters which are the subject of evaluation and review by the committee.

N.C. Gen. Stat. § 131E-95(b) (2005). Under N.C. Gen. Stat. § 131E-76(5) (2005), a "medical review committee" is defined to include a committee responsible for "medical staff credentialing."

In *Shelton v. Morehead Memorial Hosp.*, 318 N.C. 76, 87, 347 S.E.2d 824, 831 (1986), our Supreme Court determined the purpose of N.C. Gen. Stat. § 131E-95(b) is to promote medical staff candor and medical review committee objectivity. *Shelton*, 318 N.C. at 83, 347 S.E.2d at 829; *See also Whisenhunt v. Zammit*, 86 N.C. App. 425, 427, 358 S.E.2d 114, 116 (1987). The statute accomplishes this purpose by providing a broad privilege that protects "a medical review committee's (1) proceedings; (2) records and materials it produces; and (3) materials it considers." *Shelton*, 318 N.C. at 83, 347 S.E.2d at 829. The statute also accomplishes a balance between this broad privilege and the interest of allowing reasonable discovery by permitting "access to information not generated by the committee itself but merely presented to it . . . ." *Id.* Therefore, the privilege referenced in the statute does not extend to "information . . . available[] from original sources other than the medical review committee . . . merely because it was presented during medical review committee proceedings[,]" and the statute's purpose is not violated by allowing materials otherwise available to "be discovered and used in evidence even though they were considered by [a] medical review committee." *Id.*, 318 N.C. at 83-84, 347 S.E.2d at 829.

In *Shelton*, the plaintiffs sought discovery from the defendant hospital's medical review committee records and information regarding the review proceedings with respect to the defendant doctor. *Id.*, 318 N.C. at 81, 347 S.E.2d at 828. Similarly, the plaintiffs in *Whisenhunt* sought discovery from a hospital of its "credentialing records" concerning the defendant doctor. *Whisenhunt*, 86 N.C. App. at 426, 358 S.E.2d at 115. Each decision held that the information

sought was not discoverable because the plain language of N.C. Gen. Stat. § 131E-95(b) extends a statutory privilege to the records produced by a medical review committee and the information concerning its proceedings. *Shelton*, 318 N.C. at 82-83, 347 S.E.2d at 829; *Whisenhunt*, 86 N.C. App. at 428, 358 S.E.2d at 116.

Defendant argues N.C. Gen. Stat. § 131E-95 applies to his application for privileges because it was "generated at the instance of the Cannon Credentialing Committee" and, therefore, is privileged. More specifically, defendant contends our Supreme Court's statement in *Shelton*, 318 N.C. at 87, 347 S.E.2d at 831, that "[s]ection [131E-] 95 offers no protection to the records and documents furnished by the individual physicians in their applications for hospital privileges" is inapplicable because the Supreme Court was "referring to documents presented to a medical review committee as part of the application process and not the application itself." However, § 131E-95 applies to the *information* generated by a medical review committee. Here, the information that defendant contends is privileged was not information generated, but information that defendant provided to Cannon Memorial in his application for hospital privileges. We believe the Legislature's purpose in enacting § 131E-95 was to protect "information produced pursuant to peer review statutes like [§ 131E-95]." *Sharpe*, 137 N.C. App. at 88, 527 S.E.2d at 79. Regardless of its form, the *information* sought by plaintiff was generated by defendant, not the Cannon Credentialing Committee. Therefore, the information is discoverable and the trial court did not abuse its discretion in denying defendant's motion for a protective order.

### III. Discovery

[4] Defendant's final argument is that the information sought within the GBME Order and the Application for Privileges is not discoverable because it is privileged: "Whether or not to grant a party's motion to compel discovery is in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Belcher v. Averette*, 152 N.C. App. 452, 455, 568 S.E.2d 630, 633 (2002). Pursuant to Rule 26 of the North Carolina Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party[.]" We have determined that both items sought by plaintiff are not privileged. Furthermore, the information contained in the Georgia Order and the Application for Privileges provides information related to defendant's history of drug

and alcohol abuse. The trial court's decision to grant plaintiff's motion to compel discovery was not an abuse of discretion.

For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

Judge GEER concurs.

Judge JACKSON concurs in a separate opinion.

JACKSON, Judge, concurring.

Although I concur with the majority opinion, I write separately to express my opinion that on the issue of Dr. Cook's credentialing application, we need go no further than Chapter 131E to reach our conclusion.

Although North Carolina General Statutes, section 131E-95(b) prohibits discovery of medical review committee meetings, the records and materials it produces, and the materials it considers,

> information, documents, or records *otherwise available* are not immune from discovery or use in a civil action merely because they were presented during proceedings of the committee. Documents *otherwise available* as public records within the meaning of G.S. 132-1 do not lose their status as public records merely because they were presented or considered during proceedings of the committee.

N.C. Gen. Stat. § 131E-95(b) (2005) (emphasis added).

Here, plaintiff sought information pertaining to whether Dr. Cook had ever (1) had his license to practice medicine revoked, suspended, limited, or denied, either voluntarily or involuntarily; (2) had his hospital privileges revoked, suspended, or in any way limited; (3) had his privileges to prescribe medications, including narcotics, revoked, suspended, or limited, either voluntarily or involuntarily; or (4) been subject to an investigation or disciplinary action. This information was *otherwise available* from several sources other than his application for privileges at Cannon Memorial Hospital.

As the trial court noted, the information was known to Dr. Cook, himself. In addition, pursuant to the consent order entered into between Dr. Cook and the Georgia Board of Medical Examiners, it

was a matter of public record that Dr. Cook was the subject of a disciplinary action limiting his ability to practice medicine and prescribe medications in Georgia. Further, separate and apart from his application was a letter in the public files of D.H.H.S. in which Dr. Cook indicated that he had been the subject of disciplinary proceedings, had his ability to prescribe medications limited, and had his license to practice limited.

Because the information sought was *otherwise available*, it was discoverable, rather than the fact that, as the majority suggests, it was generated by defendant.