FREDDY L. HAYES, Administrator of the Estate of INA HAYES, Plaintiff v. PREMIER LIVING, INC., PREMIER LIVING AND REHAB, LLC, DOVE HEALTHCARE, LLC, CHAN VON HENNER, KEVIN PENNINGTON, ALLENE VON HENNER, and E. AUTRY DAWSON, SR., Defendants

No. COA06-661

(Filed 20 February 2007)

### 1. Appeal and Error— appealability—interlocutory order— substantial right

An order granting plaintiff's motion to compel discovery and denying defendants' motion for a protective order affects a substantial right and is immediately appealable because: (1) an

HAYES v. PREMIER LIVING, INC.

[181 N.C. App. 747 (2007)]

interlocutory discovery order affects a substantial right when a party asserts a statutory privilege which directly relates to the matter to be disclosed under the order, and the assertion of such privilege is not otherwise frivolous or insubstantial; and (2) the pertinent interlocutory discovery order compels production of reports that may be privileged under N.C.G.S. §§ 90-21.22A and 131E-107.

**2. Discovery— incident reports—motion to compel production—peer review privilege**

The trial court did not abuse its discretion in a wrongful death action arising from alleged nursing home neglect by granting plaintiff's motion to compel production of the three disputed incident reports and by denying defendants' motion for a protective order pursuant to the peer review privilege set forth under N.C.G.S. §§ 90-21.22A and 131E-107, because: (1) defendants failed to show that the reports were part of the proceedings of defendants' quality assurance committee; (2) the incident reports were produced by the nurse who responded to each unusual occurrence, and no nurse who produced a report was a member of a quality assurance team; (3) there was no evidence to show the team actually considered the reports, and the team typically did not review the reports; (4) N.C.G.S. § 131E-107 protects only those records which were actually a part of the team's proceedings, produced by the team, or considered by the team; (5) the title, description, or stated purpose attached to a document by its creator is not dispositive, nor can a party shield an otherwise available document from discovery merely by having it presented to or considered by a quality review committee; and (6) the statutory privilege codified by the General Assembly to protect the public interest of balancing the goal of medical staff candor against the cost of impairing plaintiffs' access to evidence extends only to three limited classes of documents, none of which are present in the instant case.

Appeal pursuant to N.C. Gen. Stat. § 7A-27(d) from the order granting plaintiff's motion to compel and denying defendants' motion for a protective order, entered 12 January 2006 by Judge Ola M. Lewis in Superior Court, Columbus County. Heard in the Court of Appeals 10 January 2007.

*Yates, Mclamb & Weyher, L.L.P., by Michael C. Hurley and Christopher M. West, for defendant-appellants.*

*Gugenheim Law Offices, P.C., by Stephen J. Gugenheim, for plaintiff-appellee.*

STROUD, Judge.

This is a wrongful death action arising from alleged nursing home neglect. Plaintiff is the administrator of the estate of the deceased, Ina Hayes, and is also Ms. Hayes' son. Defendants are the owners and operators of Premier Living & Rehabilitation Center (Premier Living) where Ms. Hayes resided.

Defendants appeal the trial court order granting plaintiff's motion to compel production of three incident reports prepared by Premier Living staff and denying defendants' motion for a protective order pursuant to the peer review privilege set forth in N.C. Gen. Stat. §§ 90-21.22A and 131E-107. This Court must now determine whether the trial court abused its discretion by concluding that the incident reports are not privileged. Because defendants failed to show that the reports were part of the proceedings of Premier Living's quality assurance committee, or were considered or produced by Premier Living's quality assurance committee, we hold that the trial court did not abuse its discretion by granting plaintiff's motion to compel.

Plaintiff's complaint alleges that defendants were negligent in their care of Ms. Hayes and that defendants' negligence caused Ms. Hayes to fracture her hip and eventually resulted in her death. During discovery, plaintiff sought production of incident reports documenting several falls by Ms. Hayes at Premier Living. Although defendants identified three such reports, defendants refused to produce the reports on the basis that they are protected by the peer review privilege. On 1 December 2005, plaintiff filed a motion to compel production of the incident reports. Defendants filed a motion for a protective order on 5 January 2006.

Incident reports are prepared by Premier Living nursing staff following "unusual occurrences" and document the factual circumstances surrounding each occurrence, including a description of the incident, possible causes, and resulting injuries. In this case, defendant identified three incident reports involving Ms. Hayes during the relevant time period. The disputed incident reports were completed on 10 January 2002, 9 August 2002, and 19 August 2002.

In support of their motion for a protective order, defendants presented the affidavit of Linda Parnell, the administrator of Premier Living. In her affidavit, Ms. Parnell stated that Premier Living employs a "Continuous Quality Improvement Team" (CQI Team), which is a committee of administrators and health care providers who assess the quality of care provided to its residents. During the time Ms. Hayes resided at Premier Living, the CQI team met quarterly. Ms. Parnell also stated that the purpose of preparing incident reports is "to maintain and improve the quality of care of residents at the facility." However, during her deposition, Ms. Parnell explained that individual incident reports are "not typically" discussed at CQI Team meetings; rather, the team discusses "trends." The nurses who prepare incident reports are not members of the CQI Team.

On 9 January 2006, the trial court heard arguments on plaintiff's motion to compel and defendants' motion for a protective order, during which the court reviewed the disputed incident reports *in camera*. Thereafter, the court ruled that the incident reports are discoverable, entering a written order on 12 January 2006. In its order, the trial court found that "[d]efendants failed to produce any evidence that the incident reports (1) were part of the proceedings of its medical review committee, (2) were records and materials produced by its medical review committee, or (3) were considered by its medical review committee." Defendants appealed, arguing that the incident reports are privileged because "the purpose behind the preparation of the documents was for peer review."

[1] "Interlocutory orders and judgments are those made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court to settle and determine the entire controversy." *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999). Most discovery orders are interlocutory. *See Mims v. Wright*, 157 N.C. App. 339, 341, 578 S.E.2d 606, 608 (2003).

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Sharpe v. Worland*, 315 N.C. 159, 161, 522 S.E.2d 577, 578 (1999). However, interlocutory orders are immediately appealable if "delaying the appeal will irreparably impair a substantial right of the party." *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999). An interlocutory discovery order affects a substantial right when "a party asserts a statutory privilege which directly relates to the matter to be disclosed under [the order], and the assertion of such privilege is not

otherwise frivolous or insubstantial." *Sharpe*, 351 N.C. at 166, 522 S.E.2d at 581. Here, the interlocutory discovery order compels production of reports that may be privileged pursuant to N.C. Gen. Stat. §§ 90-21.22A and 131E-107. Thus, the order affects a "substantial right" and is immediately appealable to this Court.

**[2]** N.C. Gen. Stat. §§ 90-21.22A and 131E-107 restrict discovery of certain materials in civil actions against providers of health care services and nursing homes respectively. Premier Living's facility in which Ms. Hayes resided is a "nursing home" as defined by N.C. Gen. Stat. § 131E-101(6). Specifically, N.C. Gen. Stat. § 131E-107 provides that "[t]he *proceedings* of a quality assurance, medical, or peer review committee, the *records and materials it produces* and the *materials it considers* shall be confidential and not considered public records . . . and shall not be subject to discovery or introduction into evidence" in these actions. (Emphasis added.)[1] The protection set forth in these sections is commonly known as the peer review privilege.

The peer review privilege is "designed to encourage candor and objectivity in the *internal workings* of medical review committees." *Shelton v. Morehead Mem'l Hosp.*, 318 N.C. 76, 83, 347 S.E.2d 824, 829 (1986) (emphasis added). Whether a document is protected by the peer review privilege is determined at the time of the trial court order, *see Windman v. Britthaven, Inc.*, 173 N.C. App. 630, 633, 619 S.E.2d 522, 524 (2005) (holding that materials produced by a nursing home review committee were not privileged because N.C. Gen. Stat. § 131E-107 was not in effect at the time the trial court filed its order compelling discovery), and the party asserting the privilege bears the burden of proof, *cf. Wachovia Bank, N.A. v. Clean River Corp.*, 178 N.C. App. 528, 531, 631 S.E.2d 879, 882 (2006) (stating that "[t]he party seeking either attorney-client privilege or work-product privilege bears the burden of proof").

"Whether or not the party's motion to compel discovery should be granted or denied is within the trial court's sound discretion and will not be reversed absent an abuse of discretion." *Wagoner v. Elkin City Schs. Bd. of Educ.*, 113 N.C. App. 579, 585, 440 S.E.2d 119, 123, *disc. rev. denied*, 336 N.C. 615, 447 S.E.2d 414 (1994). "To demonstrate an

---

1. Although the trial court referred to the CQI Team as a "medical review" committee in its order, it appears that the CQI Team is actually a "quality assurance" committee as defined by N.C. Gen. Stat. § 131E-101(8). However, for both types of committee, certain documents relating to the team are potentially protected by N.C. Gen. Stat. § 131E.

HAYES v. PREMIER LIVING, INC.

[181 N.C. App. 747 (2007)]

abuse of discretion, the appellant must show that the trial court's ruling was manifestly unsupported by reason, or could not be the product of reasoned decision." *Nationwide Mut. Fire Ins. Co. v. Bourlon,* 172 N.C. App. 595, 601, 617 S.E.2d 40, 45 (2005) (internal citation omitted), *aff'd per curiam,* 360 N.C. 356, 625 S.E.2d 779 (2006).

Here, defendants did not present any evidence tending to show that the disputed incident reports were (1) part of the CQI team's *proceedings,* (2) *produced* by the CQI team, or (3) *considered* by the CQI team as required by N.C. Gen. Stat. § 131E-107. The incident reports were produced by the nurse who responded to each "unusual occurrence" and no nurse who produced a report was a member of the CQI Team. Although Ms. Parnell's affidavit describes the existence and mission of the CQI Team, and Ms. Parnell generally states that incident reports are intended to "improve the quality of care" received by Premier Living residents, there is no evidence to show the team actually considered the reports. In fact, Premier Living's CQI team did "not typically" review the incident reports.

We do not agree with defendants that N.C. Gen. Stat. § 131E-107 protects any and all records which may be *subject to* consideration by the CQI team; rather, we conclude that the plain language of section 131E-107 protects only those records which were *actually* a part of the team's proceedings, produced by the team, or considered by the team. We emphasize that these are substantive, not formal, requirements.[2] Thus, in order to determine whether the peer review privilege applies, a court must consider the circumstances surrounding the actual preparation and use of the disputed documents involved in each particular case. The title, description, or stated purpose attached to a document by its creator is not dispositive, nor can a party shield an *otherwise available* document from discovery merely by having it presented to or considered by a quality review committee. *See* N.C. Gen. Stat. § 131E-107 (2005).

Defendants stress that the purpose of the peer review privilege is to "protect from discovery and introduction into evidence medical review committee proceedings and related materials because of the fear that external access to peer investigations conducted by staff

2. We further emphasize that N.C. Gen. Stat. § 131E-107 also provides that "information, documents, or records otherwise available are not immune from discovery or use in a civil action merely because they were presented during proceedings of the committee. Documents otherwise available as public records within the meaning of G.S. 132-1 do not lose their status as public records merely because they were presented or considered during proceedings of the committee."

committees stifles candor and inhibits objectivity." *Shelton*, 318 N.C. at 82, 347 S.E.2d at 828 (internal quotation omitted). We agree that, through section 131E-107, the General Assembly has balanced the "goal of medical staff candor" against the "cost of impairing plaintiffs' access to evidence." *Id.* (internal quotation omitted). However, the statutory privilege codified by the General Assembly to protect this public interest extends only to three limited classes of documents, none of which are present in the case *sub judice*.

For the reasons stated above, we hold that the trial court did not abuse its discretion by granting plaintiff's motion to compel production of the three disputed incident reports and denying defendants' motion for a protective order. Defendants' assertion that the CQI team could have reviewed the incident reports and may do so in the future is insufficient to show that the reports are material that is privileged by N.C. Gen. Stat. §§ 90-21.22A and 131E-107. The trial court's order is affirmed.

AFFIRMED.

Judges TYSON and STEPHENS concur.