ALOHA E. BRYSON, M.D., PH.D., PLAINTIFF V. HAYWOOD REGIONAL MEDICAL CENTER, PRIMEDOC MANAGEMENT SERVICES, INC. AND PRIMEDOC OF HAYWOOD COUNTY, P.A., DEFENDANTS

No. COA09-270

(Filed 15 June 2010)

**1. Appeal and Error— interlocutory order and appeal—statutory privilege asserted—medical review committee records**

An appeal was properly before the Court of Appeals even though it was interlocutory where it involved an assertion of statutory privilege in medical review committee records.

**2. Discovery— medical review committee records—privilege not established**

The trial court did not err by entering an order compelling discovery of certain documents in an employment action involving a hospital where defendant contended that the documents had been produced by a medical review committee and were protected from discovery under N.C.G.S. § 131E-95(b). The documents did not appear to be privileged on their face, and defendant submitted no affidavits or other evidence to support its claim.

Appeal by defendant Haywood Regional Medical Center from order entered 19 December 2008 by Judge Ronald K. Payne in Haywood County Superior Court. Heard in the Court of Appeals 16 September 2009.

*Elliot Pishko Morgan, P.A., by Robert M. Elliot, for plaintiff-appellee.*

*Van Winkle, Buck, Wall, Starnes & Davis P.A., by Allan R. Tarleton, for defendant-appellant Haywood Regional Medical Center.*

GEER, Judge.

Defendant Haywood Regional Medical Center ("HRMC") appeals from the trial court's order granting in part plaintiff Dr. Aloha E. Bryson's motion to compel discovery of certain documents. On appeal, HRMC contends the trial court erred in concluding that the documents were not privileged under N.C. Gen. Stat. § 131E-95(b) (2009) and in ordering HRMC to produce and disclose those documents to plaintiff. Because HRMC has failed to meet its burden of showing that the documents fall into one of the three categories of privileged material under N.C. Gen. Stat. § 131E-95(b), we affirm.

## Facts

On 26 February 2008, plaintiff filed a complaint in Haywood County Superior Court against HRMC, as well as Primedoc Management Services, Inc. and Primedoc of Haywood County, P.A. ("the Primedoc defendants"). Plaintiff, an internist hired by the Primedoc defendants to work at HRMC from March 2005 to December 2007, alleged that, during her time at HRMC, she became concerned about patient safety issues in the Intensive Care Unit ("ICU") and Definitive Observation Care Unit ("DOCU"). Plaintiff alleged that she observed numerous nursing errors in the ICU and DOCU, including (1) mistakes in the dosing and administration of patient medication; (2) failure to accurately and completely follow doctors' orders; and (3) instances of nurses, while on duty, text messaging, using cell phones for personal calls, sleeping, and shopping online.

Plaintiff documented these patient safety issues by filing occurrence reports with HRMC's risk manager in accordance with hospital policy. According to plaintiff, HRMC officials began pressuring her to cease filing occurrence reports. Plaintiff alleged HRMC gave false information to the Primedoc defendants about her work and directed

that her employment be terminated in retaliation for her complaints about patient care.

Plaintiff asserted claims for wrongful interference with contract and defamation against HRMC. Plaintiff also asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, and constructive discharge against the Primedoc defendants. Plaintiff also brought claims for civil conspiracy, punitive damages, and unfair and deceptive trade practices against all defendants.

On 29 February 2008, plaintiff served HRMC with her first set of interrogatories and her first set of requests for production of documents. In its responses, HRMC refused to respond to several of plaintiff's requests, contending that they sought disclosure of the proceedings, records, and materials produced or considered by a medical review committee, which constituted information protected from discovery under N.C. Gen. Stat. § 131E-95(b).

On 16 September 2008, plaintiff filed a motion to compel discovery. Although HRMC filed a written response to the motion to compel, it did not submit any affidavits or other evidence supporting its claims of privilege. In an order entered 24 October 2008, the trial court directed HRMC to respond to most of plaintiff's discovery requests. With respect, however, to certain interrogatories and requests for production, the trial court ordered HRMC to submit the documents and information for its *in camera* review. After conducting the *in camera* review, the trial court entered an order on 19 December 2008 granting an order protecting some of the documents and ordering others to be produced. HRMC timely appealed to this Court.

## Discussion

[1] The trial court's order granting in part plaintiff's motion to compel discovery is an interlocutory order. "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Sharpe v. Worland,* 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999). N.C. Gen. Stat. § 7A-27(d)(1) (2009), however, authorizes an appeal from an interlocutory order that affects a substantial right. "[W]hen, as here, a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right under sections 1-277(a) and 7A-27(d)(1)." *Sharpe,* 351 N.C. at 166, 522 S.E.2d at 581.

This appeal is, therefore, properly before us. *See Armstrong v. Barnes*, 171 N.C. App. 287, 290-91, 614 S.E.2d 371, 374 (holding challenged discovery order affected substantial right because "assertions of statutory privilege relate directly to the matters to be disclosed under the trial court's interlocutory discovery order"), *disc. review denied*, 360 N.C. 60, 621 S.E.2d 173 (2005).

[2] The sole issue on appeal is whether the trial court erred in compelling HRMC to disclose certain documents to plaintiff in discovery. " 'Whether or not the party's motion to compel discovery should be granted or denied is within the trial court's sound discretion and will not be reversed absent an abuse of discretion.' " *Hayes v. Premier Living, Inc.*, 181 N.C. App. 747, 751, 641 S.E.2d 316, 318-19 (2007) (quoting *Wagoner v. Elkin City Schs. Bd. of Educ.*, 113 N.C. App. 579, 585, 440 S.E.2d 119, 123, *disc. review denied*, 336 N.C. 615, 447 S.E.2d 414 (1994)). It is well established, however, that this Court reviews questions of law, as well as questions of statutory construction, de novo. *Moody v. Sears Roebuck & Co.*, 191 N.C. App. 256, 264, 664 S.E.2d 569, 575 (2008). Thus, we review de novo whether the requested documents are privileged under N.C. Gen. Stat. § 131E-95(b).

The information that HRMC contends on appeal is protected from disclosure can be grouped into two categories. The first category contains three internal documents of HRMC. One document is an e-mail dated 17 December 2007 from Shirley Trantham, HRMC's director of Risk Management, to Janet Ledford with the subject of "Peer Review Request." In the e-mail Trantham reviews six instances of patient care at HRMC. The e-mail summarizes each incident, notes whether any occurrence reports were received, and discusses any quality concerns. It does not identify Ms. Ledford, what position she held, or even for whom she worked. Nor does the e-mail indicate who requested the information or for what purpose it was generated.

The second document is a memorandum dated 18 December 2007 with a title indicating that Shirley Harris, former director of Clinical Services at HRMC, requested a review of patient charts. The document, which contains summaries and analyses of six instances of patient care, does not indicate who authored the document, for what purpose it was generated, or who received it.

The third document is a memorandum dated 19 December 2007, authored by Dr. Harry Lipham, Chairman of the Intensive Care Unit at HRMC, and addressed to Shirley Harris and Dr. Nancy Freeman. The

memorandum indicates it was authored by Dr. Lipham at the request of "Dr. Freeman from the Hospital Board for information concerning allegations that have been made by Dr. Aloha Bryson concerning [certain patients'] care." It summarizes six patient charts and analyzes the appropriateness of the care provided. The document does not identify who Dr. Freeman is or the purpose for which she requested the information.

The documents in the second category were apparently transmitted between HRMC and an outside company called MDReview. They include (1) a letter to Eileen Lipham of HRMC, written on letterhead with the name "MDReview," that thanks her "for calling on MDReview to assist [her] with [her] peer review needs"; (2) six documents entitled "Peer Review Report" authored by Scott A. Eisman, M.D.; and (3) Dr. Eisman's *curriculum vitae*. Each of the reports warn that "THIS IS A CONFIDENTIAL PEER REVIEW DOCUMENT" and state that the document "was prepared at the request of [HRMC] in order to provide an independent professional opinion of the care rendered" to a specifically-referenced patient.

" 'It is for the party objecting to discovery [of privileged information] to raise the objection in the first instance and he has the burden of establishing the existence of the privilege.' " *Adams v. Lovette*, 105 N.C. App. 23, 28, 411 S.E.2d 620, 624 (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2016 (1970)), *aff'd per curiam*, 332 N.C. 659, 422 S.E.2d 575 (1992). HRMC, therefore, has the burden of establishing that these documents are protected.

HRMC contends the documents are protected by N.C. Gen. Stat. § 131E-95(b), which provides in part:

> The proceedings of a medical review committee, the records and materials it produces and the materials it considers shall be confidential and . . . shall not be subject to discovery or introduction into evidence in any civil action against a hospital . . . which results from matters which are the subject of evaluation and review by the committee.

N.C. Gen. Stat. § 131E-76(5) (2009) in turn defines "[m]edical review committee":

> (5) "Medical review committee" means any of the following committees formed for the purpose of evaluating the quality, cost of, or necessity for hospitalization or health care, including medical staff credentialing:

a. A committee of a state or local professional society.

b. A committee of a medical staff of a hospital.

c. A committee of a hospital or hospital system, if created by the governing board or medical staff of the hospital or system or operating under written procedures adopted by the governing board or medical staff of the hospital or system.

d. A committee of a peer review corporation or organization.

"By its plain language, N.C. Gen. Stat. § 131E-95 creates three categories of information protected from discovery and admissibility at trial in a civil action: (1) proceedings of a medical review committee, (2) records and materials produced by a medical review committee, and (3) materials considered by a medical review committee." *Woods v. Moses Cone Health Sys.*, 198 N.C. App. 120, 126, 678 S.E.2d 787, 791-92 (2009), *disc. review denied*, 363 N.C. 813, 693 S.E.2d 253 (2010). The statute also, however, provides that "information, documents, or other records otherwise available are not immune from discovery or use in a civil action merely because they were presented during proceedings of the committee." N.C. Gen. Stat. § 131E-95(b).

The Supreme Court construed these provisions in *Shelton v. Morehead Mem'l Hosp.*, 318 N.C. 76, 83, 347 S.E.2d 824, 829 (1986):

These provisions mean that information, in whatever form available, from original sources other than the medical review committee is not immune from discovery or use at trial merely because it was presented during medical review committee proceedings; neither should one who is a member of a medical review committee be prevented from testifying regarding information he learned from sources other than the committee itself, even though that information might have been shared by the committee.

The Court explained further: "The statute is designed to encourage candor and objectivity in the internal workings of medical review committees. Permitting access to information not generated by the committee itself but merely presented to it does not impinge on this statutory purpose. These kinds of materials may be discovered and used in evidence even though they were considered by the medical review committee." *Id.* at 83-84, 347 S.E.2d at 829. *See also Cunningham v. Charles A. Cannon Jr. Mem'l Hosp., Inc.*, 187 N.C. App. 732, 737, 654 S.E.2d 24, 27 (2007) ("However, § 131E-95 applies

to the *information* generated by a medical review committee. . . . Regardless of its form, the *information* sought by plaintiff was generated by defendant [physician], not the [medical review committee]. Therefore, the information is discoverable and the trial court did not abuse its discretion in denying defendant's motion for a protective order."), *disc. review denied*, 362 N.C. 356, 661 S.E.2d 244 (2008).

HRMC argues that the e-mail and memoranda in the first category of documents are privileged because they relate to internal peer review investigations of patient charts requested by its Risk Management Department. HRMC contends that it is clear from the face of these documents that they were written for the purpose of evaluating the quality of health care and, therefore, that we can assume they were generated by or for a medical review committee. We do not agree.

In *Hayes*, 181 N.C. App. at 752, 641 S.E.2d at 319, this Court stressed that mere assertions that documents constitute peer review materials and meet the requirements of *Shelton* are insufficient. A trial court properly grants a motion to compel when the "defendants [do] not present any evidence tending to show that the disputed incident reports were (1) part of the [medical review committee's] *proceedings*, (2) *produced* by the [medical review committee], or (3) *considered* by the [medical review committee] as required by N.C. Gen. Stat. § 131E-107." *Hayes*, 181 N.C. App. at 752, 641 S.E.2d at 319. As this Court explained, the statutory requirements

> are substantive, not formal, requirements. Thus, in order to determine whether the peer review privilege applies, a court must consider the circumstances surrounding the actual preparation and use of the disputed documents involved in each particular case. The title, description, or stated purpose attached to a document by its creator is not dispositive, nor can a party shield an *otherwise available* document from discovery merely by having it presented to or considered by a quality review committee.

*Id.* at 752, 641 S.E.2d at 319.

In the analogous attorney-client privilege context, this Court has similarly held that "[m]ere assertions" that privilege applies "will not suffice." *Multimedia Publ'g of N.C., Inc. v. Henderson County*, 136 N.C. App. 567, 576, 525 S.E.2d 786, 792, *disc. review denied*, 351 N.C. 474, 543 S.E.2d 492 (2000). The party claiming privilege must instead proffer "some *objective* indicia" that the privilege applies. *Id.* Here,

BRYSON v. HAYWOOD REG'L MED. CTR.

[204 N.C. App. 532 (2010)]

however, HRMC did not submit any "evidence," as required by *Hayes,* or "objective indicia," as required by *Multimedia Publishing.* Instead, like the Court in *Brown v. Am. Partners Fed. Credit Union,* 183 N.C. App. 529, 539, 645 S.E.2d 117, 124 (2007), addressing the attorney-client privilege, "we can only determine the applicability of the privilege based upon what the [documents] reveal on their face."

Starting with the first category of documents, HRMC has pointed to no evidence in the record that Shirley Trantham, who sent the 17 December 2007 e-mail, or Janet Ledford, who received it, were members of a medical review committee. The author and recipients of the 18 December 2007 memorandum are not even identified. Neither of these documents explicitly states that it was generated by members of a medical review committee or for a medical review committee's consideration. There is absolutely no evidence in the record from which this Court can infer that either document is privileged under § 131E-95(b). *See Brown,* 183 N.C. App. at 535, 645 S.E.2d at 122 (holding that defendant failed to establish that board of directors meeting minutes were protected by attorney-client privilege because documents listed individuals as being present at meeting, but did not identify their positions and, therefore, defendant could not demonstrate that privilege had not been waived).

The third document, the 19 December 2007 memorandum, indicates that it was authored by the Chair of the Intensive Care Unit at HRMC for Dr. Freeman "from the Hospital Board." Nothing in the document itself and nothing in the record specifically identifies what "the Hospital Board" is. In plaintiff's complaint, she alleges that she composed a letter to the Hospital Authority Board of Commissioners about her concerns. Even assuming *arguendo* that this is the "Hospital Board" to which the memorandum refers, the Supreme Court in *Shelton,* 318 N.C. at 84, 347 S.E.2d at 829-30, held that a hospital's Board of Trustees does not fit the definition of a medical review committee. HRMC has, therefore, failed to present any evidence that the "Hospital Board" in the 19 December 2007 memorandum constituted a medical review committee within the meaning of N.C. Gen. Stat. § 131E-95(b).

Turning to the second category of documents, HRMC contends that the six reports and Dr. Eisman's *curriculum vitae* are documents generated by a medical review committee because MDReview, the apparent source of these documents, is a "peer review corporation or organization." HRMC has, however, failed to point to any evidence in the record showing that MDReview is a peer review organi-

zation or corporation or that it authored those documents for that purpose. Although the reports identify themselves as peer review documents, as *Hayes* stated, "[t]he title, description, or stated purpose attached to a document by its creator is not dispositive . . . ." 181 N.C. App. at 752, 641 S.E.2d at 319. We, therefore, cannot conclude simply from a bare name that MDReview is a peer review organization or corporation. In any event, even if MDReview is a peer review organization or corporation, HRMC has not provided any evidence, as required by N.C. Gen. Stat. § 131E-76(5), that the reports were generated by "[a] *committee* of a peer review corporation or organization." (Emphasis added.)

In sum, HRMC submitted no affidavits or other evidence to support its claim that the documents at issue were protected from discovery under N.C. Gen. Stat. § 131E-95(b). In addition, the documents on their face do not establish that they are privileged. Thus, HRMC has failed to meet its burden of proof, and accordingly, we affirm the trial court's order compelling discovery.

Affirmed.

Judges STROUD and ERVIN concur.