IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-236

Filed: 16 February 2016

Burke County, No. 04 CVS 1291

The Estate of DONNA S. RAY, by THOMAS D. RAY and ROBERT A. WILSON, IV, Administrators of the Estate of DONNA S. RAY, and THOMAS D. RAY, individually, Plaintiffs,

v.

B. KEITH FORGY, M.D., P.A., Individually and as Agent/Apparent Agent of Grace Hospital, Inc., GRACE HEALTH CARE SYSTEM, INC., BLUE RIDGE HEALTH CARE SYSTEMS, INC., CAROLINAS HEALTH CARE SYSTEM, INC., AND AS AN AGENT/APPARENT AGENT, EMPLOYEE AND SHAREHOLDER OF MOUNTAIN VIEW SURGICAL ASSOCIATES, AND GRACE HOSPITAL, INC., GRACE HEALTHCARE SYSTEM, INC., BLUE RIDGE HEALTHCARE SYSTEM, INC., AND/OR CAROLINAS HEALTHCARE SYSTEM, INC., Defendants.

Appeal by defendants from order entered 19 November 2014 by Judge Forrest Donald Bridges in Burke County Superior Court. Heard in the Court of Appeals 23 September 2015.

*Pinto Coates Kyre & Bowers, PLLC, by Paul D. Coates and Jon Ward, for plaintiff-appellees.*

*Roberts & Stevens, P.A., by Phillip T. Jackson and Ann-Patton Hornthal, for defendant-appellants Grace Hospital, Inc., Blue Ridge HealthCare System, Inc., Grace HealthCare System, Inc., and Carolinas HealthCare System, Inc.*

McCULLOUGH, Judge.

Grace Hospital, Inc., Blue Ridge Healthcare System, Inc., Grace HealthCare System, Inc., and Carolinas HealthCare System, Inc. (hereinafter referred to as the "hospital defendants") appeal from an order of the trial court, denying in part and

granting in part, their motion for a protective order and plaintiffs' motion to compel. For the reasons stated herein, we reverse the order of the trial court.

## I.    Background

On 25 August 2004, plaintiffs for the Estate of Donna S. Ray, by Thomas D. Ray and Robert A. Wilson, IV, administrators of the Estate of Donna S. Ray, and Thomas D. Ray, individually, filed a complaint against defendants B. Keith Forgy, M.D., P.A., ("Dr. Forgy") Individually and as Agent/Apparent Agent of Grace Hospital, Inc., and/or Grace Healthcare System Inc., and/or Blue Ridge Healthcare System Inc., and/or Carolinas Healthcare System Inc., and as an Agent/Apparent Agent, Employee and Shareholder of Mountain View Surgical Associates ("Mountain View"), and Grace Hospital, Inc., and/or Grace Healthcare System, Inc., and/or Blue Ridge Healthcare System, Inc., and/or Carolinas Healthcare System, Inc.  In this medical malpractice suit, plaintiffs alleged that from 12 August 2003 through 16 September 2003, Donna S. Ray was a patient of Mountain View Surgical Associates and was in the care of its employee, Dr. Forgy.  Plaintiffs further alleged that from August 7 through 16, 2003, and September 10 through 16, 2003, Donna S. Ray was a patient admitted to the hospital defendants and in the care of their employees, servants, or agents.  Plaintiffs alleged that defendants' negligent acts caused the suffering and injuries of Donna S. Ray and Thomas D. Ray and proximately caused the death of Donna S. Ray.

On 15 November 2007, the hospital defendants filed a motion for summary judgment. On 20 November 2007, Dr. Forgy and Mountain View filed a motion for summary judgment. On 21 December 2007, the trial court entered summary judgment in favor of the hospital defendants. On 6 January 2008, the trial court denied Dr. Forgy and Mountain View's motion for summary judgment.

On 16 January 2008, plaintiffs entered notice of appeal to our Court from the 21 December 2007 order of the trial court, entering summary judgment in favor of the hospital defendants. On 3 March 2009, our Court dismissed plaintiffs' appeal as interlocutory. *Estate of Ray v. Keith Forgy, M.D., P.A.*, 195 N.C. App. 597, 473 S.E.2d. 799, COA 15-236 (9 March 2009) (unpub.), *available at* 2009 WL 513009 ("*Ray I*").

Following this Court's decision in *Ray I*, plaintiffs, Dr. Forgy, and Mountain View filed a joint motion to submit their case to binding arbitration, which the trial court granted on 6 January 2011. Two of three arbitrators concluded that Dr. Forgy and Mountain View were liable to the Estate of Donna S. Ray in the amount of $4 million. The panel of arbitrators unanimously denied the claim of Thomas D. Ray, individually, for loss of consortium. On 1 May 2012, the trial court entered the arbitration award as a final judgment.

On 18 May 2012, the hospital defendants filed notice of appeal to our Court. In an opinion filed 7 May 2013, our Court held that the trial court did not err in granting summary judgment in favor of the hospital defendants on the theory of

apparent agency. However, our Court held that the trial court erred by granting summary judgment in favor of the hospital defendants on the theory of corporate negligence. *Estate of Ray v. Forgy*, 227 N.C. App. 24, 744 S.E.2d 468 (2013) ("*Ray II*"). The hospital defendants appealed the decision in *Ray II* to the North Carolina Supreme Court but the North Carolina Supreme Court denied their petition for discretionary review on 18 December 2013. *Estate of Ray v. Forgy*, 367 N.C. 271, 752 S.E.2d 475 (2013).

On 12 May 2013, plaintiffs moved for partial summary judgment on the issues of Dr. Forgy and Mountain View's "negligence in this case and the damages resulting therefrom as set forth in the Arbitration Award and Final Judgment in this case." On 2 July 2014, the trial court entered an order of partial summary judgment in favor of plaintiffs, holding that the hospital defendants were precluded from "contesting or otherwise litigating the issues of the negligence of [Dr. Forgy] and Mountain View[] and the Corporate Defendants are likewise precluded from contesting or otherwise litigating the amount of damages as reflected in the Court's prior judgment of May 1, 2012[.]" The order provided that "[t]he only issue remaining for trial shall be the negligence of the corporate defendants."

On 1 August 2014, the hospital defendants filed a motion for summary judgment. The trial court denied the hospital defendants' motion for summary judgment on 18 September 2014. The hospital defendants appealed from the

18 September 2014 order, denying their motion for summary judgment, to our Court. Our Court dismissed this appeal on 3 June 2015. ("*Ray III*").

During this same time period, on 5 June 2014, plaintiffs filed a motion to compel, seeking the production of all insurance policies covering the hospital defendants for acts of negligence and medical malpractice. Plaintiffs served interrogatories to the hospital defendants on 11 July 2014. Also on 11 July 2014, plaintiffs filed a request for production of documents to the hospital defendants. Plaintiffs sought documents regarding the following: the complete file relating to Dr. Forgy's malpractice insurance coverage from 1991 to 2004; all documents regarding the re-credentialing of Dr. Forgy at Grace Hospital from 2001 through 2004; all documents relating to Dr. Forgy's malpractice insurance coverage from any source; and copies of all queries made to the National Practitioner Database by the hospital defendants regarding Dr. Forgy and responses from the National Practitioner Database to the hospital defendants. Plaintiffs also filed another motion to compel responses to deposition questions propounded in 2007 on 11 July 2014.

In response to plaintiffs' discovery requests, on 21 July 2014, Michelle R. Minor, the Director of Medical Staff Services for Blue Ridge HealthCare Hospitals, Inc. ("Blue Ridge"), and Thomas Eure, the corporate designee for Grace Hospital, Inc. and Blue Ridge HealthCare System, Inc., provided affidavits for the hospital defendants. On 21 July 2014, the hospital defendants made a motion for an *in camera*

review of Sealed Exhibit 1 of both Minor and Eure's affidavits. The motion stated that Sealed Exhibit 1 of both affidavits contained information that was privileged, confidential, or protected from discovery under State law or Federal law and regulations. Specifically, the motion argued that Sealed Exhibit 1 of both affidavits requested information that was privileged under N.C. Gen. Stat. §§ 131E-76(5), 131E-101(8), 131E-107, 90-21.22A, and not discoverable pursuant to N.C. Gen. Stat. §§ 131E-95(b), 131E-107, 90-21.22A(c), or any other relevant statute.

On 11 August 2014, the hospital defendants served their responses to plaintiffs' interrogatories and request for production of documents. Their responses incorporated a privilege log containing a description of each document contained in Sealed Exhibit 1.

On 15 August 2014, the hospital defendants submitted another affidavit from Michelle R. Minor. Minor testified that the Sealed Exhibit 1 was the complete file of Dr. Forgy, containing the records and material produced by and/or considered by the Medical Review Committees of the Grace Hospital Medical Staff. Minor also testified to the following, in pertinent part:

> 13. Sealed Exhibit 1 contains documents, correspondence, evaluations, and reports pertaining to the proceedings, including records and materials produced by the Medical Review Committees and considered by the medical review committee that are subject to the protection of N.C. Gen. Stat. § § 131E-95 and 90-21.22A.
>
> 14. Sealed Exhibit 1 contains documents including

correspondence to and from the Medical Review Committees and the Hospital Attorneys that are subject to the attorney client privilege and work product doctrine.

15. Sealed Exhibit 1 contains documents and information from the National Practitioner's Data Bank ("NPDB") which is confidential and protected from discovery pursuant to 42 USC § 11137(b); 45 C.F.R. § 60, *et seq*. As the Medical Staff Director, I was responsible for overseeing the Medical Review Committees' requests for information from the NPDB and their responses. Based on the contents of Sealed Exhibit 1, the Medical Review Committees made timely queries regarding Dr. Forgy with the NPDB pursuant to the NPDB regulations.

16. To the extent that Sealed Exhibit 1 also contains documents and information regarding the North Carolina Physician Health Program and physician referral programs, any such items are confidential pursuant to N.C. Gen. Stat. [§] 90[-]21.22(e) and not subject to discovery or subpoena in a civil case. Such material includes peer review activities including investigation, review and evaluation of records, reports and complaints, litigation, and other information relating to the North Carolina Physician Health Program for impaired physicians.

17. Sealed Exhibit 1 also contains Protected Health Information ("PHI"), including but not limited to surgical reports, quality review reports, and complete medical record files of patients, and other documents that contain identifiable patient health information of patients other than the Plaintiff that are subject to protection under the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. § 160, *et seq*. A covered entity, such as Blue Ridge HealthCare Hospitals, Inc., may only disclose unidentifiable PHI if notice requirements under 45 C.F.R. § 164.512(e) [are met], including that the patients be notified and that the requesting party secure a protective order.

18.     Exhibit "B" hereto is the Privilege Log pertaining to the documents contained in Sealed Exhibit 1 and provides the title or description of the documents, the author, the recipients, and the date of the documents contained therein. Said Privilege Log was previously provided to Plaintiff's counsel via e-mail and facsimile on August 12, 2014.

On 10 October 2014, the hospital defendants filed a motion to supplement the amended privilege log which included sixteen (16) additional log entries. Following a hearing held at the 10 October 2014 session of Burke County Superior Court, the trial court entered an order, denying in part and granting in part the hospital defendants' motion for a protective order and plaintiffs' motion to compel on 19 November 2014. The 19 November 2014 order stated that the hospital defendants should provide to plaintiffs 161 log entries out of the 330 log entries contained in the Sealed Exhibit 1 and Supplemental Sealed Exhibit 1 (hereinafter the "subject documents"). The trial court ordered that the hospital defendants need not produce 54 log entries. The hospital defendants were ordered to provide plaintiffs a summary specifying the dates on which the information was requested as to log 276. Lastly, the trial court issued a qualified protective order authorizing the disclosure of log 305 to plaintiffs.

On 19 November 2014, the hospital defendants filed notice of appeal from the 19 November 2014 order denying in part and granting in part the hospital defendant's motion for a protective order and plaintiffs' motion to compel.

II.    Discussion

A.    Interlocutory Appeal

As a preliminary matter, we note that the 19 November 2014 order is an interlocutory order. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Stanford v. Paris*, 364 N.C. 306, 311, 698 S.E.2d 37, 40 (2010) (citation omitted). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Sharpe v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999). However,

> [a] party may appeal an interlocutory order under two circumstances. First, the trial court may certify that there is no just reason to delay the appeal after it enters a final judgment as to fewer than all of the claims or parties in an action. Second, a party may appeal an interlocutory order that "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment."

*Meherrin Indian Tribe v. Lewis*, 197 N.C. App. 380, 383, 677 S.E.2d 203, 206 (2009) (citations omitted).

Relying on *Hammond v. Saini*, 229 N.C. App. 359, 748 S.E.2d 585 (2013), the hospital defendants argue that because the hospital defendants objected to plaintiffs' discovery requests based on the peer review privilege statutes and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the

19 November 2014 order affects a substantial right that might be lost absent immediate appeal. In *Hammond*, our Court held that:

> [a]n order compelling discovery is generally not immediately appealable because it is interlocutory and does not affect a substantial right that would be lost if the ruling were not reviewed before final judgment. However, where a party asserts a privilege or immunity that directly relates to the matter to be disclosed pursuant to the interlocutory discovery order and the assertion of the privilege or immunity is not frivolous or insubstantial, the challenged order affects a substantial right and is thus immediately appealable. For this reason, orders compelling discovery of materials purportedly protected by the medical review privilege or work product doctrine are immediately reviewable on appeal despite their interlocutory nature.

*Id.* at 362-63, 748 S.E.2d at 588 (citation and quotation marks omitted). Accordingly, we hold that the 19 November 2014 order affects a substantial right and is immediately appealable to this Court.

### B.     The Medical Review Privilege

The sole issue on appeal is whether the trial court erred in compelling the hospital defendants to disclose the subject documents to plaintiffs. First, the hospital defendants argue that all subject documents are protected from discovery by N.C. Gen. Stat. § 131E-95. We agree.

"Whether or not the party's motion to compel discovery should be granted or denied is within the trial court's sound discretion and will not be reversed absent an abuse of discretion." *Hayes v. Premier Living, Inc.*, 181 N.C. App. 747, 751, 641 S.E.2d

316, 318-19 (2007) (citation omitted). However, "[o]n appeal from a trial court's discovery order implicating the medical review privilege, this Court review[s] de novo whether the requested documents are privileged under N.C. Gen. Stat. § 131E-95(b)." *Hammond*, 229 N.C. App. at 365, 748 S.E.2d at 589 (citation and quotation marks omitted).

The statutes at issue here are contained in the Hospital Licensure Act, codified as Article 5, Chapter 131E of the General Statutes ("the Act"). Section 95 of the Hospital Licensure Act "creates protection for medical review committees in civil actions against hospitals." *Id.* at 363-64, 748 S.E.2d at 588 (citation omitted). Section 95 "protects from discovery and introduction into evidence medical review committee proceedings and related materials because of the fear that external access to peer investigations conducted by staff committees stifles candor and inhibits objectivity." *Shelton v. Morehead Memorial Hospital*, 318 N.C. 76, 82, 347 S.E.2d 824, 828 (1986) (citation and internal quotation marks omitted). "It is for the party objecting to discovery [of privileged information] to raise the objection in the first instance and he has the burden of establishing the existence of the privilege." *Bryson v. Haywood Regional Medical Center*, 204 N.C. App. 532, 536, 694 S.E.2d 416, 420 (2010) (citation omitted).

N.C. Gen. Stat. § 131E-95 provides as follows, in pertinent part:

> (b)     The proceedings of a medical review committee, the records and materials it produces and the materials it

> considers shall be confidential and not considered public records within the meaning of G.S. 132-1 . . . and shall not be subject to discovery or introduction into evidence in any civil action against a hospital . . . which results from matters which are the subject of evaluation and review by the committee. . . . However, information, documents, or records otherwise available are not immune from discovery or use in a civil action merely because they were presented during proceedings of the committee.

N.C. Gen. Stat. § 131E-95(b) (2002).

> By its plain language, N.C. Gen. Stat. § 131E-95 creates three categories of information protected from discovery and admissibility at trial in a civil action: (1) proceedings of a medical review committee, (2) records and materials produced by a medical review committee, and (3) materials considered by a medical review committee.

*Woods v. Moses Cone Health System*, 198 N.C. App. 120, 126, 678 S.E.2d 787, 791-92 (2009). "[D]ocuments and information which are otherwise immune from discovery under [N.C. Gen. Stat.] § 95 do not . . . lose their immunity because they were transmitted to persons outside the medical review committee." *Id.* at 127-28, 678 S.E.2d at 792 (citation omitted).

N.C. Gen. Stat. § 131E-76(5) in turn defines "medical review committee" as "a committee . . . of a medical staff of a licensed hospital . . . which is formed for the purpose of evaluating the quality, cost of, or necessity for hospitalization or health care, including medical staff credentialing." N.C. Gen. Stat. § 131E-76(5) (2002).

The hospital defendants maintain that the medical staff at Grace Hospital, Inc. ("Grace") created medical review committees ("MRC") that fit within the meaning of

the Act and that Blue Ridge maintained these MRCs after the merger of Valdese

General Hospital, Inc. and Grace. In response to plaintiffs' 11 July 2014 discovery

requests, the hospital defendants filed the affidavit of Michelle Minor on

21 July 2014. Minor testified that she was the Director of Medical Staff Services for

Blue Ridge. The hospital defendants also filed a second affidavit from Minor on

15 August 2014, in which she testified to the following, in pertinent part:

> 6. The Medical Staff of Grace Hospital, Inc. created a Medical Review Committee(s), as that term is defined in N.C. Gen. Stat. § 131E-76 and/or N.C. Gen. Stat. § 90-21.22A, for the purpose of credentialing or re-credentialing physicians and for the purpose of reviewing performance of physicians on staff at Grace Hospital. The Medical Review Committees of the Medical Staff of Grace Hospital are identified in Section 7 of the Medical Staff Bylaws. The 2001 and 2003 Medical Staff Bylaws of Grace Hospital, Inc. are Exhibits F and G to the 15 November 2007 Affidavit of Thomas Eure and also Exhibit A to the 21 July 2014 Affidavit of Michelle Minor are incorporated herein.

> 7. The purpose of the Medical Staff Committees listed in Section 7 of the 2001 and 2003 versions of the Medical Staff Bylaws included evaluating the quality, cost of, or necessity for hospitalization or health care, including medical staff credentialing. Specifically the three medical review committees listed in this paragraph and described in Section 7 of the 2001 and 2003 versions of the Medical Staff Bylaws were formed for the purpose of evaluating the quality, cost of, or necessity for hospitalization or health care, including medical staff credentialing.

> 8. During and after the merger [(Blue Ridge was the surviving corporation after Valdese General Hospital, Inc. was merged into Grace Hospital, Inc.)] . . ., the Medical Staff of Blue Ridge HealthCare Hospitals, Inc., including

> Grace Hospital maintained Medical Review Committees, as that term is defined in N.C. Gen. Stat. § 131E-76 and/or N.C. Gen. Stat. § 90-21.22A, for the purpose of credentialing and re-credentialing physicians on staff at Blue Ridge HealthCare Hospitals, Inc.
>
> 9.    The Medical Staff Bylaws attached hereto as Exhibit A, provided that the Medical Review Committees in existence at Grace Hospital at the time relevant to this lawsuit, included but were not limited to the following:  (a) The Executive Committee;  (b) The Credentials Subcommittee of the Executive Committee; and (c) The Quality Improvement Committee.  The purpose of the Medical Staff Committees listed in Section 7 of the 2001 and 2003 versions of the Medical Staff Bylaws attached hereto as Exhibit "A" included evaluating the quality, cost of, or necessity for hospitalization or health care, including medical staff credentialing.

After thoroughly reviewing the medical staff bylaws of Grace, we agree with the hospital defendants that the MRCs created by Grace and maintained by Blue Ridge are "medical review committees" within the meaning of the Act.  Plaintiffs do not challenge this classification.

The hospital defendants argue that Minor's affidavit establishes that the subject documents, maintained by Grace's MRCs contain "records and materials produced by and/or considered by the Medical Review Committees of the Grace Hospital Medical Staff."  Accordingly, the hospital defendants assert that the subject documents fall within at least one of the three categories of information protected by N.C. Gen. Stat. § 131E-95.  Minor's 15 August 2015 affidavit provided as follows, in pertinent part:

10. As Director of Medical Staff Services at Blue Ridge HealthCare Hospitals, Inc., I am primarily responsible for overseeing the administrative functions of these Medical Review Committees, including but not limited to managing and overseeing Medical Review Committee correspondence, document production, requests for information from insurance carriers, other hospitals or the National Practitioners Data Bank, as well as maintenance of the credentialing files for physicians on the medical staff and assistance with the Medical Review Committee proceedings including peer review, quality control and credentialing and re-credentialing processes.

11. The document which is *in camera* Sealed Exhibit 1 to the Minor Affidavit filed on 21 July 2014, is the complete file of Dr. Forgy that contains **the records and materials produced by and/or considered by** the Medical Review Committees of the Grace Hospital Medical Staff described in the preceding paragraphs as it relates to Dr. Forgy. The document which is *in camera* Sealed Exhibit 1 will be provided to the Court for *in camera* inspection and is incorporated herein.

12. I have reviewed and I am familiar with the documents contained in Sealed Exhibit 1.

13. Sealed Exhibit 1 contains documents, correspondence, evaluations, and reports pertaining to the proceedings, including records and materials produced by the Medical Review Committees and considered by the medical review committee that are subject to the protection of N.C. Gen. Stat. § § 131E-95 and 90-21.22A.

(emphasis added).

Plaintiffs argue that Minor's affidavit is insufficient to establish that all 330 log entries ordered to be produced by the trial court are privileged pursuant to N.C.

Gen. Stat. § 131E-95. Plaintiffs contend that Minor's affidavit is conclusory and rely on *Hammond v. Saini*, 229 N.C. App. 359, 748 S.E.2d 585 (2013), for their arguments.

In *Hammond*, the patient plaintiff filed a negligence action against multiple medical defendants. *Id.* at 361, 748 S.E.2d at 587. The defendants objected to the plaintiff's discovery requests based on, *inter alia*, medical review privilege. *Id.* The *Hammond* Court held that the medical defendants failed to demonstrate that their "Root Cause Analysis Team" qualified as an MRC pursuant to N.C. Gen. Stat. § 131E-76(5). *Id.* at 366, 748 S.E.2d at 590. The *Hammond* Court further held that even assuming, *arguendo,* that the defendants could establish that the "Root Cause Analysis Team" was an MRC, the defendants would have been required to present evidence tending to show that the disputed documents were among the three categories of protected information pursuant to N.C. Gen. Stat. § 131E-95. *Id.* at 367, 478 S.E.2d at 590. The Court stated as follows:

> [T]hese are substantive, not formal, requirements. Thus, in order to determine whether the peer review privilege applies, a court must consider the circumstances surrounding the actual preparation and use of the disputed documents involved in each particular case. The title, description, or stated purpose attached to a document by its creator is not dispositive, nor can a party shield an otherwise available document from discovery merely by having it presented to or considered by a quality review committee.

*Id.* at 367, 748 S.E.2d at 590-91 (citation omitted). Our Court noted that the defendants failed to submit any evidence regarding who produced or prepared a

challenged document, the "RCA Report." The RCA Report identified the event that is the subject of the report and the members of the team but did not list the document's author. The defendants, relying on an affidavit, argued that the affidavit established that the RCA Report was produced by the RCA Team. *Id.* at 367, 748 S.E.2d at 591. However, the affidavit only stated that " '[a] Root Cause Analysis Report *was prepared*[,]' . . . neither identif[ying] the RCA Team members – individually or collectively – as the author of the RCA Report nor otherwise reveal[ing] the document's author." *Id.* The Court also rejected the defendants' assertions that "Risk Management Worksheets" and meeting notes were privileged because it was not clear who prepared them. *Id.* at 367-68, 748 S.E.2d at 591. The Court held that the defendants failed to sustain their burden of proving that the documents were privileged under N.C. Gen. Stat. § 131E-95 and stated that "[t]he mere submission of affidavits by the party asserting the medical review privilege does not automatically mean that the privilege applies. Rather, such affidavits must demonstrate that each of the statutory requirements concerning the existence of the privilege have been met." *Id.* at 369, 748 S.E.2d at 592.

We find *Hammond* distinguishable from the circumstances of the present case. In *Hammond*, the affidavit produced by the defendants failed to demonstrate that each of the statutory requirements concerning the existence of the privilege under N.C. Gen. Stat. § 131E-95 were met. Here, the hospital defendants presented Minor's

affidavits and the Medical Staff bylaws of Grace to establish that their MRCs qualified as MRCs pursuant to the meaning contemplated in N.C. Gen. Stat. § 131E-76(5). Minor's affidavit also explicitly stated that the subject documents contained "the records and materials produced by and/or considered by" the MRCs of Grace. Significantly, Minor's 15 August 2015 affidavit also incorporated a detailed privilege log of all the documents in Sealed Exhibit 1. This privilege log included a description of each document, the author or source of each document, the date of the document, and the recipient of the document. The privilege log established that the subject documents were records and materials produced by the MRCs of Grace and/or materials considered by the MRCs of Grace. Having carefully reviewed the subject documents, we are satisfied that the hospital defendants have fulfilled their burden of demonstrating that the subject documents are privileged pursuant to N.C. Gen. Stat. § 131E-95.[1] Accordingly, we hold that the trial court erred by ordering the hospital defendants to produce the subject documents to plaintiffs and reverse the 19 November 2014 order of the trial court.

C.

---

[1] We note that "information, in whatever form available, from *original sources other than the medical review committee* is not immune from discovery or use at trial merely because it was presented during medical review committee proceedings; neither should one who is a member of a medical review committee be prevented from testifying regarding information he learned from sources other than the committee itself, even though that information might have been shared by the committee." *Shelton*, 318 N.C. at 83, 347 S.E.2d at 829 (emphasis added).

The hospital defendants argue that portions of the subject documents are protected from disclosure by N.C. Gen. Stat. § 90-21.22, that portions of the subject documents are protected pursuant to N.C. Gen. Stat. § 8-53, and that portions of the subject documents are protected under HIPAA. Based on our dispositive holding above, we do not find it necessary to reach the hospital defendants' remaining arguments.

### III. Conclusion

We reverse the 19 November 2014 order of the trial court, ordering the hospital defendants to produce the subject documents to plaintiffs.

REVERSED.

Judges STEPHENS and ZACHARY concur.